CALOGERO, Justice.
On July 22, 1975, after trial by jury, defendant Lloyd Henry Ricks was found guilty of simple burglary in violation of La.R.S. 14:62. Prior to sentencing on this simple burglary conviction, the district attorney filed a bill of information pursuant to La.R.S. 15:529.1 charging defendant as a multiple offender. Upon defendant’s admission of the charges included in this multiple bill, the trial court sentenced him to fifteen years at hard labor.[1]
*685 At the outset, we note that while defendant was sentenced on August 12, 1975, defense counsel did not move for appeal until September 3, 1975. Since the record does not reveal a motion for appeal filed within the fifteen day period from rendition of judgment as required by Louisiana Code of Criminal Procedure article 914, it is within our authority to dismiss the appeal as untimely. Furthermore, there is some question as to the timeliness of the filing of the assignments of error. However, defense counsel in this case was appointed by the court. Since at some future date defendant could possibly come before this Court by means of an application for habeas corpus and probably se.cure an out of time appeal, based on the failure of court appointed counsel to preserve his right to appeal, we deem it preferable to entertain the appeal at this time.
Defendant assigns as error the overruling by the trial court of defense counsel’s objection entered at the multiple offender proceeding. The essence of defendant’s argument is that the state should be required to charge an accused under the multiple offender statute, La.R.S. 15:529.1, in the same bill of indictment or bill of information charging him with the latest substantive offense. He contends that failure to so include the multiple offender charge deprives him and the jury of- critical information as to the nature of the charges against him. We find this assignment of error to be without merit.
La.R.S. 15:529.1 provides that “after conviction or sentence” (emphasis added) on the substantive charge, the district attorney may file a bill of information alleging that the defendant is a multiple offender and setting forth his previous convictions. This statute does not make it a crime to be a multiple offender, but rather provides for an enhancement of penalty against a multiple offender, for the substantive crime of which he has just been convicted. State v. Davalie, 313 So.2d 587 (La.1975); State v. Jackson, 298 So.2d 777 (La.1974); State ex rel. Williams v. Henderson, 289 So.2d 74 (La.1974). The prior felony or felonies for which the defendant was previously convicted form no element of the most recently committed offense. See State v. Bouzigard, 286 So.2d 633, 636 (La. 1973). As provided in Louisiana Code of Criminal Procedure article 483, a bill of indictment or information “shall not contain an allegation of a prior conviction of the defendant unless such allegation is necessary to fully charge the offense.” Additionally, in a case involving an earlier version of the multiple offender statute, this Court held that it was reversible error to inform the jury of previous convictions in the bill of information charging the defendant with the latest substantive offense because such a procedure resulted in prejudice to the defendant and put his character at issue without his having taken the stand on his own behalf. State v. Jones, 209 La. 394, 24 So.2d 627 (1945).
Based on the fact that procedure set forth in La.R.S. 15:529.1 specifically instructs the state to file the multiple offender bill of information after conviction or sentence and that prior convictions are not elements of the latest substantive offense, we conclude it was not error, but rather the appropriate procedure, for the district attorney to wait until after conviction before filing the multiple offender bill of information against defendant. Although defendant apparently thought that it would be to his advantage to have the jury informed that if convicted on this charge he faced an enhanced penalty as a multiple offender, we find no legal support for his request.
It should be noted that La.R.S. 15:529.1 is distinguishable from other provisions of Louisiana law which provide for enhanced penalties for “repeat” offenders. See La. R.S. 14:67 Theft, La.R.S. 14:98 Operating *686 a Vehicle While Intoxicated,'La.R.S. 14:99 Reckless Operation of A Vehicle, and La. R.S. 40:966 Possession of Marijuana. These statutes do not specify that the district attorney wait until after a defendant has been convicted of the present offense before informing him that lie is to be sentenced as a repeat offender. Therefore, we have held that in order to be convicted as a repeat offender, and thereafter sentenced accordingly, the prior convictions must be appropriately alleged in the initial bill of information. State v. Bouzigard, 286 So.2d 633 (La.1973); State v. Montgomery, 250 La. 326, 195 So.2d 285 (1967). See La.Code of Criminal Procedure Art. 483, including official revision comment (a). In contrast to these repeat offender statutes which provide for an enhanced penalty because the accused has committed the same offense more than once, the multiple offender statute involves enhancement of penalty because of prior, possibly unrelated, felony convictions. Furthermore, as previously noted, La.R.S. 15:529.1 specifically provides that the multiple offender bill of information be filed after conviction or sentence.
For the reasons assigned, the conviction and sentence are affirmed.
MARCUS, J., concurs and assigns reasons.

. Defendant was charged as a second offender. Under the provisions of La.R.S. 15 ¡529.1A (1), defendant could be sentenced to a “determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first convic *685 tion.” Since the penalty provided in La. R.S. 14:62 for simple burglary is “not more than nine years,” the sentence imposed is within the limits.