347 So.2d 1139 (1977)
STATE of Louisiana, Respondent,
v.
Roy J. NEAL, Relator.
No. 59153.
Supreme Court of Louisiana.
July 1, 1977.
Charley J. Schrader, Jr., Houma, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., John R. Walker, Asst. Dist. Atty., for plaintiff-respondent.
*1140 TATE, Justice.
We granted certiorari, La., 341 So.2d 1131 (1977), to review the trial court's denial of a motion to quash the indictment of the relator for driving while intoxicated, second offender. La.R.S. 14:98. The substantial issue for our determination is whether a person can be charged as a second offender, when the second incident of driving while intoxicated occurs before the motorist has been convicted of an earlier offense.
The relevant facts are these:
On January 17, 1976, the defendant Neal was arrested and charged with driving while intoxicated. Before trial on that charge, he was again arrested and charged with driving while intoxicated on May 11, 1976.
Neal pleaded guilty to the January charge on October 22, 1976. Three days later, the prosecutor then filed an amended bill of information as to the May charge, by which amendment (on the basis that the October conviction on the January charge was the first offense) Neal was charged with driving while intoxicated, second offense, and thus subject to the greater penalties for a second offense.
The Issue
We grant certiorari to review the denial of the defendant's motion to quash the amended charge that, because of the October conviction, he was subject to prosecution on the May incident as a second offender. The issue, as articulated in the state's brief, is: "Can a defendant be charged and subsequently convicted for second offense DWI when the arrest upon which the second offense DWI is based occurred after the arrest for the first offense DWI but prior to conviction or guilty plea in first offense DWI?"
Interpretation of La.R.S. 14:98
The issue involves an interpretation of the statutory intent reflected by La.R.S. 14:98.
This enactment[1] provides criminal penalties for operating a vehicle while intoxicated. After the first conviction, greater penalties are provided for subsequent offenses: for a "second conviction", fine and imprisonment not less than 125 days in the parish jail, 98 C; for a "third conviction," imprisonment for from one to five years in either the parish jail or the state penitentiary, 98 D; and for a "fourth conviction," imprisonment in the penitentiary for not less than ten nor more than thirty years, 98 E.
The state contends that the statute unambiguously provides for enhanced punishments upon second, third, and fourth "convictions." The state points out that the statute does not specify that the first conviction need precede the second conviction.
Nevertheless, in our opinion, the preferable construction of La.R.S. 14:98 is that one cannot be guilty of the crime of driving while intoxicated, second offense, unless such crime is committed after a first conviction for this offense. We are re-enforced in this view by jurisprudential applications of *1141 the statute (by which the previous convictions are regarded necessary allegations and proof of the second offense crime itself), as well as by the most reasonable legislative intent reflected by a provision for greater punishment upon second and subsequent convictions.
Where an accused is charged as second, third, or fourth DWI offender, the information or indictment must allege the prior convictions. State v. Montgomery, 250 La. 326, 195 So.2d 285 (1967). Further, where there is a jury trial, this indictment charging the multiple offenses should be read to the jury. State v. Johnson, 250 La. 473, 196 So.2d 797 (1967). The prior offense or offenses must be proved as part of the state's case, otherwise the conviction will be set aside. City of Monroe v. French, La., 345 So.2d 23 (1977).
Thus, the earlier conviction(s) must be alleged and proved as part of the state's case against an alleged second (or third or fourth) offender before a conviction as a multiple offender may be secured, so as to permit the imposition of the enhanced penalties for later offenses. See also State v. Bouzigard, 286 So.2d 633 (La.1973) (possession of marijuana, second offense).
If therefore the prior conviction is an essential allegation for conviction of the second-offense crime, an accused cannot be charged with the latter crime when arrested for the second incident if, at that time, he had not been before convicted of a first offense.
"Criminal conduct consists of: (1) An act or a failure to act that produces criminal consequences, and which is combined with criminal intent.* * *" La.R.S. 14:8. Neither specific or general criminal intent, La.R.S. 14:10, to commit the crime of driving while intoxicated, second offense, can be inferred from driving while intoxicated, when one has never before been convicted for the offensea necessary allegation of indictment and proof of the crime, which is not in existence at the time of the offense (and which may never arise, should for instance the accused be acquitted or never tried for the first offense).
Traditional American principles of criminal responsibility of an individual for his conduct do not permit the state to convert a formal charge against him for a less serious offense, into a charge for a more serious offense, on the legal basis of a change of status or other incident which occurs after the initial offense charged. Criminal conduct ordinarily subjects an individual to the imposition of criminal penalties applicable to the act at the time it is committed.
We agree with the relator that the consistent application of La.R.S. 14:98 over the years has been that prior convictions, in order to be available for imposition of a greater punishment as a subsequent offender, must precede the commission of the principle offense, that is, the latest prosecution in point of time.[2] Indeed, this is the greatly preponderant interpretation of similar statutes throughout the nation, regardless of the phraseology of the statute (or whether it specifies that the earlier conviction(s) must precede the latest offense), whenever enhanced penalties are provided for a subsequent offense, whether with regard to multiple-offender statutes or to driving-while-intoxicated or other statutes creating a greater degree of criminal liability for a repeater offense by wording similar to the present. Annotation, 24 A.L.R.2d 1247, 1248-49, see, e.g., 1270-73 (1952).
As summarized by this annotation, 24 A.L.R. 1248-49 many of the decisions note as legislative purpose the principle inherent *1142 in such a provision: "* * * the legislature in enacting such a statute intended it to serve as a warning to first offenders and to afford them an opportunity to reform, and that the reason for the infliction of severer punishment for a repetition of offenses is not so much that defendant has sinned more than once as that he is deemed incorrigible when he persists in violations of the law after conviction of previous infractions."
In this regard, counsel for the defendant cogently observes in his brief: "The criminal law has a basic purpose to discourage the violation of the law. Its primary purpose is not to find excuses to put people in jail. The conviction and resultant punishment hopefully will discourage future violation. The increase of punishment for second and subsequent offenders presupposes that the prior punishment has not resulted in rehabilitation. If a second conviction is allowed for an offense occurring before the first conviction, we have done away with the rehabilitation concept implicit in recidivist statutes."
The interpretation here urged by the state would permit the arrest of an offender for four offenses committed on the same day to result, upon conviction of the four offenses, in imprisonment for not less than ten years in the state penitentiary as a fourth offender. It would permit simultaneous charging of four offenses widely separated in time, for which the accused had never before been arrested, and his imprisonment for from ten to thirty years in the penitentiary upon his belated conviction of the charges.
In our opinion, our lawmakers did not intend that individuals be subjected to enhanced punishment, including to the penitentiary, when at the time the offense was committed the offender was subject only to fine or minor imprisonment. Consonant with the general purpose of enhanced punishment statutes, the most reasonable legislative intent to ascribe to the more serious punishment accorded for a subsequent "conviction'by La.R.S. 14:98 is that, if following conviction of the offense, the offender repeats the prohibited conduct, he is then subject to enhanced penaltybut not if, after the first conviction has put him on notice of the possibility of more severe punishment, the offender takes heed and reforms.
We conclude, therefore, that the district court was in error in denying the defendant's motion to quash the amended indictment, insofar as it alleged that for his May 11, 1976 charge of driving while intoxicated he was subject to punishment as a second offender solely by virtue of his October, 1976 conviction of a similar offense. The motion to quash is granted, and the case is remanded to the district court for further proceedings in accordance with law.
REVERSED AND REMANDED.
SANDERS, C. J., dissents for the reasons assigned by SUMMERS, J.
SUMMERS, J., dissents and assigns reasons.
MARCUS, J., dissents.
SUMMERS, Justice (dissenting).
On January 17, 1976, relator Roy Joseph Neal was arrested and charged with driving while intoxicated, an offense denounced by Article 98 of the Criminal Code.[1] Thereafter, *1143 on May 11, 1976, Neal was again arrested and charged with driving while intoxicated, both incidents having occurred in Terrebonne Parish.
On June 2, 1976, the District Attorney filed a bill of information against Neal for driving while intoxicated, second offense, citing as the first offense a guilty plea to a charge that in Lafourche Parish on June 22, 1971, he operated a motor vehicle while under the influence of alcoholic beverages in violation of Article 98. As a second offense the bill of information alleged that he violated Article 98 by operating a vehicle while under the influence of alcoholic beverages on May 11, 1976.
While the second offense charge was pending, Neal pled guilty to the January 17, 1976 offense on October 22, 1976. Three days later, on ex parte motion of the District Attorney, the June 2, 1976 second offense bill of information, based upon the June 22, 1971 and May 11, 1976 offenses, was amended. The guilty plea conviction of October 22, 1976, involving the January 17, 1976 offense, was substituted for the June 22, 1971 guilty plea conviction.
As thus amended the driving while intoxicated, second offense, charge was ultimately fixed for trial on December 29, 1976. However, prior to the trial date, a motion to quash the bill of information was filed by Neal on November 29, 1976, alleging that the amendment rendered the bill defective because it was accomplished without proper notice, without leave of court and without legal authority. The motion also alleged that the bill of information was fatally defective, unlawful, illegal and unconstitutional in that the second offense occurred prior to the conviction for the first offense.
The motion to quash was denied, and the trial judge granted defendant time to apply to this Court for review of his ruling. Certiorari was granted on Neal's application. 341 So.2d 1131.
The amendment to the bill of information was undoubtedly a change in the substance. It is evident also that the amendment came long before the date fixed for trial. Such an amendment is permissible in advance of trial, La.Code Crim.Pro. arts. 532(2), 487. Since the trial had not begun at the time, the trial judge properly authorized and approved the amendment after the District Attorney's ex parte action. Relator's remedy, if he felt aggrieved by the amendment, was to move for a continuance. La.Code Crim.Pro. art. 489. Actually a continuance has, in effect, resulted by the two-month-time interval between the amendment and the trial and by allowing time to apply to this Court for writs to review the trial judge ruling. This contention is therefore without merit.
The other issue raised by the motion to quash is res nova in our jurisprudence. The defense contends that the phrase "on a second conviction", as used in Paragraph C of Article 98, requires in a second offense indictment that the first offense must result in a conviction prior to the occurrence of the second offense. Here, it is argued, the second alleged offense occurred before Neal was convicted on the first offense. Therefore, the second offense charge did not allege a violation of Article 98.
In support of this contention, the defense asserts that for many years the consistent practice has been to construe Article 98 in pari materia with the Habitual Offender Statute, La.Rev.Stat. 15:529.1.[2] Under this *1144 latter statute the defense argues, a person is deemed a second offender only if the crime resulting in the second conviction is committed after the first conviction. Guided by this concept prosecutors charging a second offense under Article 98 have required that a conviction of the first offense must precede the happening of the second offense before a second offense charge would lie. This contemporaneous construction should therefore govern prosecutions under Article 98 for second, third or fourth offenders, according to the defense.
Except for defense counsel's assertion, nothing in the record discloses that such a contemporaneous construction is followed in practice. To the contrary, the State's attorney in a very positive manner denies that such a construction has been adopted by prosecutors. He represents that when other offenders are similarly situated they are charged as relator Neal has been charged. Moreover, the doctrine of contemporaneous construction is, more properly, applied to settled administrative practice and has not been applied by this Court to the construction of statutes defining crimes. Traigle v. PPG Industries, 332 So.2d 777 (La.1976); Washington v. St. Charles Parish School Board, 288 So.2d 321 (La.1974); Roberts v. City of Baton Rouge, 236 La. 521, 108 So.2d 111 (1958); Conley v. City of Shreveport, 216 La. 78, 43 So.2d 223 (1950); State ex rel Payne v. Exchange Bank of Natchitoches, 147 La. 25, 84 So. 481 (1920). The defense argument, that alleged contemporaneous construction should be considered in this determination, is therefore not well-founded.
The defense contention that Article 98 should be considered in the light of the Habitual Offender Law because they are statutes in pari materia is also untenable. If this argument were adopted, the second offense under Article 98 would also have to occur after conviction of the first, as the Habitual Offender Law requires. The argument is not acceptable. The statutes are not laws in pari materia. The Habitual Offender Law has no application to the instant case, and there is no basis for making it applicable by analogy. The Habitual Offender Law is a general statute concerned with enhancing the penalties of habitual felons, whereas Article 98 is a special statute which defines as a crime the repetition of a specific crime, prescribing a greater punishment when there is a second conviction for the same offense. State v. Washington, 248 La. 894, 182 So.2d 528 (1966). Cf. State v. Montgomery, 250 La. 326, 195 So.2d 285 (1967); State v. Sanders, 337 So.2d 1131 (La.1976). One statute deals *1145 with habitual felony offenders generally, by enhancing their penalties because they are recidivistic transgressors of felony laws generally, while the other pertains to those who repeat the same offense which is a misdemeanor in the first instance.
As the State points out, there is no more reason for construing Article 98 in pari materia with the Habitual Offender Law than there is for considering other repeat offense crimes to be in pari materia with that enactment. To illustrate this argument reference is made to articles of the Criminal Code which provide for repeat crimes carrying graver penalties as distinguished from enhancement of penalties in felony convictions after a former conviction for another felony, not necessarily the same crime. Thus, Article 67, proscribing theft, provides for a crime carrying a graver penalty when it is a repetition of a like offense for which the offender has previously been convicted. Reckless operation of a vehicle, Article 99, is another example. And the same is true of possession of marijuana, second offense. Rev.Stat. 40:966. State v. Ricks, 329 So.2d 684 (La.1976); State v. Bouzigard, 286 So.2d 633 (La.1973).
When reference is made to a second conviction in Article 98, there is no intimation that the offense upon which the convictions are based must occur in any particular sequence. It is the repetition of the same offense which the statute is designed to punish, regardless of the sequence in which they occur.
Another factor relevant to the construction of Article 98 is the public policy consideration underlying its enactment. Almost fifty years ago this Court recognized that driving a motor vehicle while intoxicated or under the influence of drugs presents one of the greatest menaces to human life and property. State v. Glennon, 165 La. 380, 115 So. 627 (1928). It is common knowledge that the menace continues to plague our highways. Article 98 is a special enactment reflecting the Legislature's concern for protecting the public against the ravages of the drunken driver by prescribing graver penalties for repeat offenders. State v. Gerald, 250 La. 759, 199 So.2d 536 (1967). It is therefore my opinion, contrary to the majority view, that the legislative concern in this repeat offense statute was not rehabilitation but deterring the danger implicit in drunken drivers on the streets and highways of the State.
These considerations persuade me to apply to Article 98 a meaning which is in keeping with general principles of statutory construction. If the legislature had intended that the second offender statute should be based upon offenses and convictions which occurred in chronological sequence as relator contends, such a limitation would have been stated as it was in the Habitual Offender Statute. Taken according to their fair import, in their usual sense, and in order to carry out the legislative policy, the words of the statute do not require that the crime resulting in the second conviction must have been committed after the first conviction; they merely mean "on a second conviction" without requiring that the crime resulting in the second conviction shall have been committed after the first conviction. By the result it reaches the majority rewrites the law. I would uphold the ruling of the trial judge.
NOTES
[1] La.R.S. 14:98 provides:

"A. Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates.
"B. Whoever operates a vehicle while intoxicated is guilty of a crime and upon conviction shall be fined nor less than one hundred twenty-five dollars and not more than four hundred dollars or imprisoned in the parish jail for not less than thirty days nor more than six months or both.
"C. On a second conviction, the offender shall be fined not less than one hundred twenty-five dollars nor more than five hundred dollars and shall be imprisoned for not less than one hundred twenty-five days nor more than six months.
"D. On a third conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years, and may be fined not more than one thousand dollars.
"E. On a fourth conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years.
"F. Provided that any offense under this statute committed more than five years prior to the commission of the crime for which the defendant is being tried shall not be considered in the assessment of penalties hereunder."
[2] In all the years the present statute has been part of our law, this is the first instance before this court in which the interpretation advanced by the state has been even suggested. So far as we can ascertain, the same is true as to other repeater offenses, such as La.R.S. 14:67 (theft), 14:99 (reckless operation of a motor vehicle), and 40:966 (possession of marijuana). Long ago, in construing Act 39 of 1921 (Extra-Session), we noted that the statutory language providing a greater penalty "for the second or subsequent offense" (Section 3) of a liquor-prohibition statute, "evidently has reference to an offense committed after conviction", State v. Sharp, 156 La. 531, 537, 100 So. 707 (1924) (Italics ours)despite the lack of specific statutory language to that effect.
[1] La.Crim.Code art. 98 provides:

"A. Operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates.
"B. Whoever operates a vehicle while intoxicated is guilty of a crime and upon conviction shall be fined not less than one hundred twenty-five dollars and not more than four hundred dollars or imprisoned in the parish jail for not less than thirty days nor more than six months or both.
"C. On a second conviction, the offender shall be fined not less than one hundred twenty-five dollars nor more than five hundred dollars and shall be imprisoned for not less than one hundred twenty-five days nor more than six months.
"D. On a third conviction, the offender shall be imprisoned with or without hard labor for not less than one year nor more than five years, and may be fined not more than one thousand dollars.
"E. On a fourth conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years.
"F. Provided that any offense under this statute committed more than five years prior to the commission of the crime for which the defendant is being tried shall not be considered in the assessment of penalties hereunder."
[2] La.Rev.Stat. 15:529.1 provides:

"A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state upon conviction of said felony shall be punished as follows:
"(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction;
"(2) If the third felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then the person shall be sentenced to imprisonment for any term, not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction;
"(3) If the fourth or subsequent felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then the person shall be sentenced to imprisonment for the fourth subsequent felony for a determinate term not less than the longest term prescribed for a first conviction and not more than his natural life and in no case less than twenty years.
"B. It is hereby declared to be the intent of this Section that an offender need not have been adjudged to be a second offender in a previous prosecution in order to be charged as, and adjudged to be, a third offender, or that an offender have been adjudged in a prior prosecution to be a third offender in order to be convicted as a fourth offender in a prosecution for a subsequent crime. Provided, however, that the offender shall be deemed a second offender only if the crime resulting in the second conviction shall have been committed after his first conviction; that one shall be deemed a third offender under this Section only if the crime resulting in the third conviction shall have been committed after his conviction for a crime which in fact caused him to be a second offender, whether or not he was adjudged to be a second offender in the prior instance; and that one shall be deemed to be a fourth offender under this Section only if the crime resulting in the fourth conviction shall have been committed after his conviction for a crime which in fact caused him to be a third offender, whether or not he was adjudged to be a third offender in the prior instance." (emphasis added.)