SCHOTT, Justice Ad Hoc.*
This appeal is from a judgment of the district court declaring as unconstitutional LSA R.S. 14:98 C which provides as follows:
“C. On a second conviction, regardless of whether the second offense occurred before or after the first conviction, the offender shall be fined not less than one hundred twenty-five dollars nor more than five hundred dollars and shall be imprisoned for not less than one hundred twenty-five days nor more than six months.” (emphasis supplied)
Defendant was arrested for driving while intoxicated on October 10, 1979, and released on bail the following day. Prosecu *1306 tion was instituted by information on June 23,1980, for driving while intoxicated under R.S. 14:98. The information recited that defendant was previously convicted on October 29,1979, for driving while intoxicated on April 2, 1979, and that defendant should be sentenced, upon conviction, as a second offender pursuant to R.S. 14:98 C. On October 7, 1980, defendant was found guilty as charged with sentence deferred until November 5. Before sentence defendant filed a motion in arrest of judgment pursuant to LSA C.Cr.P. Art. 859 on the ground that R.S. 14:98 C is unconstitutional. The district court treated the motion as a motion to quash under C.Cr.P. Arts. 532 and 535 and granted it so as to amend the information to a first offense of driving while intoxicated.
Act 682 of 1978 amended R.S. 14:98 C to add after the opening words “On a second conviction” the phrase “regardless of whether the second offense occurred before or after the first conviction.” In State v. Neal, 347 So.2d 1139 (La.1977) this court concluded that a defendant could not be convicted of driving while intoxicated, second offense, unless the crime was committed after conviction for the first offense. Thus, the 1978 act was a direct response by the legislature to this court’s decision in Neal.
The trial judge seemed to base his decision on the notion that the application of the statute to an offense committed after commission of the first offense but prior to conviction therefor would make the statute an ex post facto law in violation of the federal and state constitutions. In this court defendant takes up this argument and attempts to buttress it with language from Neal.
In the Neal case the court began its discussion of the interpretation of R.S. 14:98 as it then read with the following observation:
“The issue involves an interpretation of the statutory intent of La.R.S 14:98.”
And the discussion concludes with:
“In our opinion, our lawmakers did not intend that individuals be subjected to enhanced punishment, including to the penitentiary, when at the time the offense was committed, the offender was subject only to fine or minor imprisonment. Consonant with the general purpose of enhanced punishment status, the most reasonable legislative intent to ascribe to the more serious punishment accorded for a subsequent ‘conviction’ by La.R.S. 14:98 is that, if following conviction of the offense, the offender repeats the prohibited conduct, he is then subject to enhanced penalty — but not if after the first conviction has put him on notice of the possibility of more severe punishment, the offender takes heed and reforms.” (emphasis supplied)
Clearly, then, the court’s determination of the intent of the previous statute can furnish no support for defendant’s attack on the present statute which was designed to make crystal clear the intent to impose enhanced penalties on the second time offender irrespective of whether conviction for the first offense occurred before or after commission of the second offense.
An ex post facto law is one passed after the occurrence of a fact or commission of an act, which retrospectively changes the legal consequences or relations of such fact or deed. Black’s Law Dictionary, Revised Fourth Edition. A statute which would impose increased penalties for a crime already committed is an example of an ex post facto law. But the statute in question simply provides for enhanced penalties on second conviction if the first conviction has already occurred. The statute’s repudiation of the notion that the first conviction must precede the commission of the second offense in order for enhanced penalties to be imposed does not make it an ex post facto law.
Although the foregoing seems dispositive of the case since defendant has suggested no other reasons why the statute is unconstitutional some additional comment is provoked by his reference to some of the language in Neal relative to criminal intent. There the court became preoccupied with the notion that a person charged under the old statute could not have the criminal in *1307 tent to violate that law because an essential element of the offense was both commission of and conviction for the previous offense. This is precisely what has been changed. The person who has been accused of committing the first offense and is awaiting trial therefor and who commits the second offense during the interim has the criminal intent to commit a crime for which he is exposed to enhanced penalties if conviction on the first offense takes place in the meantime. When he commits that second offense he knows the risk and takes it. His position is vulnerable and altogether unlike the first offender. The legislature intended to add a deterrent to the crime and the offender knowingly disregards that added deterrent.
Accordingly, the judgment appealed from is reversed and set aside and the conviction of defendant under R.S. 14:98 is reinstated. The case is remanded to the district court where the defendant is to be sentenced as a second offender under R.S. 14:98.
REVERSED AND REMANDED.

 Judges James C. Gulotta, John C. Boutall and Patrick M. Schott of the Court of Appeal, Fourth Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Pascal F. Calogero, Jr., James L. Dennis and Jack Crozier Watson.