PARRO, J.
 

 li>The defendant, Cory A. Harris, was charged by bill of information with possession on June 11, 2008, of a Schedule I controlled dangerous substance, marijuana, second offense, a violation of LSA-R.S. 40:966(C).
 
 [1]
 

 See also
 
 LSA-R.S. 40:964, Schedule 1(0(22)
 
 [2]
 
 and 40:966(E)(2). The
 
 *227
 
 defendant filed a motion to quash the bill of information, arguing that the instant offense was not punishable as a second offense and that LSA-R.S. 40:966 was unconstitutionally vague. The trial court denied the motion to quash. Nonetheless, the defendant entered a plea of guilty as charged, reserving the right to appeal the trial court’s ruling pursuant to
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). The trial court deferred the imposition of sentence pursuant to LSA-C.Cr.P. art. 893 and placed the defendant on supervised probation for a period of three years, with special conditions of probation. The defendant now appeals, assigning as error the trial court’s denial of the motion to quash. For the following reasons, we reverse the trial court’s ruling denying the motion to quash, grant the motion to quash, vacate the guilty plea conviction and sentence, and remand for further proceedings in accordance with law.
 

 PROCEDURAL HISTORY AND STATEMENT OF FACTS
 

 In the instant case, the facts were not developed, as the defendant entered a guilty plea on November 12, 2009, to the offense as charged. However, at the outset of the November 12, 2009 proceeding, the defendant pled guilty to a prior offense of possession of marijuana committed on December 24, 2007.
 
 [3]
 
 Immediately after his plea of guilty to that charge, the state filed the bill of information for the instant offense in open court. This bill of information alleged | sthat the defendant committed the instant offense of possession of marijuana on June 11, 2008. After the state filed this bill of information, the defendant promptly entered his motion to quash.
 

 ASSIGNMENT OF ERROR
 

 In the sole assignment of error, the defendant argues that the trial court erred in denying his motion to quash the bill of information. The defendant specifically argues that this offense is not punishable as a second offense because it was committed before his conviction for the prior possession of marijuana offense. The defendant argues that LSA-R.S. 40:966(E)(2) should be interpreted as requiring that the second offense be committed after the conviction for the prior offense, noting the absence of language evidencing an intent otherwise and comparing the particular language of LSA-R.S. 14:98(0(1) and LSA-R.S. 14:35.3(D).
 
 [4]
 
 Assuming that the statute is subject to more than one interpretation, the defendant argues that LSA-R.S. 40:966(E)(2) is unconstitutionally vague. In that regard, the defendant specifically argues that the statute does not provide whether a defendant can be convicted for a second offense possession of marijuana if the second offense occurred before he was convicted of the predicate offense.
 

 According to the record in the instant case, the defendant’s predicate possession of marijuana offense was committed on December 24, 2007. The conviction for the predicate offense took place on the same date as, and prior to, the conviction for the instant offense, November 12, 2009. Thus, the date of the commission of the instant offense, June 11, 2008, preceded the conviction for the predicate offense.
 

 
 *228
 
 The applicable version of LSA-R.S. 40:966(E)(2) provided as follows:
 

 Except as provided in Subsection F or G of this Section, on a second conviction for violation of Subsection C of this Section with regard to marijuana, tetrahy-drocannabinol or chemical derivatives thereof, the offender shall be fined not more than two thousand | ¿dollars, imprisoned with or without hard labor for not more than five years, or both.
 

 In denying the defendant’s motion to quash and finding that the predicate conviction could be used to enhance the defendant’s sentence, the trial court agreed with the state’s argument that the plain reading of LSA-R.S. 40:966(E)(2) does not require that the first conviction occur before the commission of the second offense.
 

 The constitutional guarantee that an accused shall be informed of the nature and cause of the accusation against him requires that penal statutes describe unlawful conduct with sufficient particularity and clarity that ordinary persons of reasonable intelligence are capable of discerning the statute’s meaning and conforming their conduct thereto.
 
 State v. Gamberella,
 
 633 So.2d 595, 602 (La.App. 1st Cir.1993),
 
 writ denied,
 
 94-0200 (La.6/24/94), 640 So.2d 1341.
 
 See
 
 U.S. Const, amend. XIV, § 1; LSA-Const. art. I, §§ 2 and 13. In addition, a penal statute must provide adequate standards by which the guilt or innocence of the accused can be determined. In determining the meaning of a criminal statute and hence, its constitutionality, all of the provisions of penal statutes must be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.
 
 See
 
 LSA-R.S. 14:3;
 
 Gamberella,
 
 633 So.2d at 602.
 

 We find that LSA-R.S. 40:966 is not unconstitutionally vague and, in interpreting the statute, we consider the following. A common legislative purpose of repeater offense statutes is to serve as a warning to first offenders and to afford them an opportunity to reform.
 
 See State v. Neal,
 
 347 So.2d 1139, 1141-42 (La.1977). The consistent application of repeater offense statutes over the years has been that prior convictions, in order to be available for imposition of a greater punishment as a subsequent offender, must precede the commission of the principal offense, that is, the latest prosecution in point of time.
 
 See Neal,
 
 347 So.2d at 1141. This has been the greatly preponderant interpretation of ^similar statutes throughout the nation, regardless of the phraseology of the statute (or whether it specifies that the earlier conviction(s) must precede the latest offense), whenever enhanced penalties are provided for a subsequent offense.
 
 Id.
 
 If, therefore, the prior conviction is an essential allegation for conviction of the second-offense crime, an accused cannot be charged with the latter crime when arrested for the second incident if, at that time, he had not been previously convicted of a first offense.
 
 Id.
 

 At the time of the Louisiana Supreme Court’s holding in
 
 Neal,
 
 the language of the DWI statute, LSA-R.S. 14:98, was similar to the current language of LSA-R.S. 40:966. Subsequent to the holding in
 
 Neal,
 
 the legislature deviated from the general rule when the DWI statute was amended by 1978 La. Acts, No. 682, § 1 to provide that “regardless of whether the second offense occurred before or after the first conviction,” the offender would be subject to enhanced punishment. LSA-R.S. 14:98(C);
 
 see also
 
 LSA-R.S. 14:35.3(D).
 

 As there has been no legislative amendment to the contrary, we are constrained to apply the general rule enunciated in
 
 Neal
 
 in our interpretation of LSA-R.S.
 
 *229
 
 40:966 for enhancement purposes. Accordingly, we find that one cannot be guilty of the crime of possession of marijuana, second offense, unless such crime is committed after the first conviction for this offense. Thus, we find that the trial court erred in denying the defendant’s motion to quash the bill of information, and we reverse the trial court’s ruling, grant the motion to quash, vacate the guilty plea conviction and sentence, and remand for further proceedings in accordance with law.
 

 DENIAL OF THE MOTION TO QUASH REVERSED; MOTION TO QUASH GRANTED; GUILTY PLEA CONVICTION AND SENTENCE VACATED; REMANDED FOR FURTHER PROCEEDINGS.
 

 [1]
 

 . Unless otherwise noted, all references to statutory provisions in this opinion are to their content as of the date of the instant offense.
 

 [2]
 

 . By 2008 La. Acts, No. 67, § 1, effective August 15, 2008, this provision was amended,
 
 *227
 
 and the new citation is LSA-R.S. 40:964, Schedule I(C)(19).
 

 [3]
 

 . The defendant entered his guilty plea to this misdemeanor charge under docket number 440856.
 

 [4]
 

 . The particular language in those statutory provisions specifies that an offense may be enhanced "regardless of whether the second offense occurred before or after the first conviction.”