634 So.2d 911 (1994)
STATE of Louisiana
v.
Alvin C. ABBOTT.
No. 92-KA-2731.
Court of Appeal of Louisiana, Fourth Circuit.
February 25, 1994.
Order Clarifying Opinion March 23, 1994.
*912 Matthew D. Josephic, Student Practitioner, Darryl A. Derbigny, Supervising Atty., New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Mark D. Pethke, Asst. Dist. Atty., New Orleans, for appellee.
Before CIACCIO, PLOTKIN and WALTZER, JJ.
CIACCIO, Judge.
The defendant was charged by bill of information with three counts of armed robbery. He was found guilty as charged on June 20, 1984 and was sentenced on June 29, 1984 to twelve years at hard labor on each count with the counts running concurrently. At the sentencing hearing he filed a motion for appeal which was granted. Afterwards, the State filed a multiple bill charging him as a third offender. On July 31, 1984, the trial court found the defendant to be a third offender and sentenced him to forty-nine and one half years at hard labor. The court then discovered that one of the convictions used as a basis of the multiple bill was entered after the commission of the instant crimes. On July 31, 1984, the court re-sentenced the defendant as a second offender to thirty three years at hard labor. He appealed and this court affirmed the convictions and sentences. State v. Abbott, 477 So.2d 1266 (La. App. 4th Cir.1985).
On April 10, 1987, the defendant filed an application for post conviction relief asserting that the trial court was without jurisdiction *913 to impose the sentences of July 31, 1984 and August 15, 1984 after the order of appeal had been entered on June 29, 1984. This court presented a certified question to the Louisiana Supreme Court asking whether Act 851 of 1986 should be applied retroactively to uphold the validity of multiple bill proceedings occurring after the order of appeal was entered. The Court held that C.Cr.P. art. 916(8) should be applied retroactively. State v. Abbott, 508 So.2d 80 (La.1987).
On August 13, 1990, the defendant filed an application for post conviction relief pursuant to State v. Sherer, 411 So.2d 1050 (La.1982) which held that only one count of a single bill of information may be enhanced pursuant to the Habitual Offender Law. The trial court vacated the sentence and re-sentenced the defendant as a second offender to thirty three years at hard labor on Count 1 and twelve years at hard labor on each of counts two and three. The sentences were ordered to be served concurrently. On August 13, 1992, this court ordered an out of time appeal be granted pursuant to Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990).

FACTS
The facts of this case have already been reviewed by this court and the evidence was found to be sufficient pursuant to State v. Raymo, 419 So.2d 858 (La.1982). Abbott, 477 So.2d 1266.
On appeal, counsel for defendant raises one assignment of error and defendant has filed a pro-se supplemental brief raising seven additional assignments.

ARGUMENT:COUNSEL'S ASSIGNMENT OF ERROR
The defendant again argues that C.Cr.P. art. 916(8) should not be applied retroactively. This court is bound by the precedents set by the Louisiana Supreme Court. Here, the Court has ruled directly on point that the article should be applied retroactively. Abbott, 508 So.2d 80. The defendant attempts to argue that the retroactive application of the article in this case is violative of the defendant's right to equal protection. However, the Court has ruled in this case that the article is to be applied retroactively. Accordingly, this court is bound not only by precedent but also by the law of the case.
This argument has no merit.
PRO SE ASSIGNMENT ONE:
The defendant argues he did not knowingly, intelligently and voluntarily waive his right to trial by jury.
C.Cr.P. art. 780 provides in pertinent part:
A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment, the defendant in such cases shall be informed by the court of his right to waive trial by jury.
B. The defendant shall exercise his right to waive trial by jury in accordance with the time limits set forth in Article 521. However, with permission of the court, he may exercise his right to waive trial by jury at any time prior to the commencement of trial.
As reiterated in the comments to that article, the waiver is to be entered at arraignment; however, the judge may accept a waiver of jury trial at any time prior to the commencement of trial.
As in the case of other significant rights, waiver of trial by jury is valid only if the defendant acted voluntarily and knowingly. State v. Kahey, 436 So.2d 475, 486 (La. 1983); State v. Wilson, 437 So.2d 272, 275 (La.1983). While the Louisiana Supreme Court has rejected an absolute rule which would require the trial judge to personally inform the defendant of his right to a jury trial, Kahey, supra; State v. Moya, 539 So.2d 756, 758 (La.App. 3d Cir.1989), the preferred method of ensuring the right is for the trial judge to advise the defendant personally on the record of his right to a jury trial and to require the defendant to waive the right personally either in writing or by oral statement in open court on the record. State v. Wilson, 437 So.2d at 275; State v. Jones, 537 So.2d 1244, 1247 (La.App. 4th Cir.1989); State v. Moya, 539 So.2d at 758.
*914 The transcript indicates that the trial judge was advised by counsel that the defendant wanted to waive the jury. The judge then addressed the defendant personally, who confirmed that he sought to waive the jury. This assignment has no merit.

PRO SE ASSIGNMENT TWO:
The defendant alleges he was convicted of having armed robbed Gregory Williams without having been charged by bill of information. The defendant was tried and convicted of the armed robbery of Michael Merrill, Douglas Williams, and Curtis Brousseau. He was not tried and convicted for an armed robbery of Gregory Williams. This assignment is without merit.

PRO SE ASSIGNMENT THREE:
The defendant argues the State withheld favorable evidence from the defendant in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, the defendant argues that the police report established that "on the night of the crime, the witnesses told the officer they did not know their assailant," whereas at trial all three victims testified they knew the defendant as "Al." The defendant argues the State should have turned over the police report.
The report does not specifically state that the victims did not know the assailant. At one point, it does refer to the defendant as an "unknown wanted subject." However, the officer may well have determined that since the victims knew the defendant only as "Al", without a full name the defendant was essentially "unknown."
Moreover, Brady holds that the due process clause of the Fourteenth Amendment to the United States Constitution requires the disclosure, upon request, of evidence which is favorable to the accused when the evidence is material to guilt or innocence. The test for determining whether evidence favorable to the accused is material to guilt or innocence as established in U.S. v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), is as follows: "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A `reasonable probability' is a probability sufficient to undermine confidence in the outcome." U.S. v. Bagley, 473 U.S. at 682, 105 S.Ct. at 3383. Here, one victim identified the defendant in a photographic line-up. That victim and another victim identified the defendant in a physical line-up. All three victims positively identified the defendant at trial. Since all three men had been playing dice with the defendant before the crime and thus had a good opportunity to view him, the identifications appear to be very reliable. Thus, evidence that the victims told the officer that they did not know the defendant, if in fact they did make that statement, would not have affected the outcome of the trial. Accordingly, the evidence was not material.
This assignment is without merit.

PRO SE ASSIGNMENTS FOUR-SIX:
These assignments relate to defendant's sentencing.
The defendant argues he was entitled to be present at the re-sentencing August 13, 1990. However, based on our finding in the following assignment that defendant must be resentenced, this argument will not be addressed.
The defendant further argues his sentences were illegal because they were not imposed without benefit of parole, probation or suspension of sentence. This court has reviewed this issue before but because the issue was not raised by the State or the defense, the court did not correct the error based on State v. Fraser, 484 So.2d 122 (La. 1986). Now, however, the defendant has raised the issue.
R.S. 14:64 requires that the sentence for armed robbery be served without benefit of parole, probation or suspension of sentence. On re-sentencing the defendant should be sentenced without benefit of parole, probation or suspension of sentence.
In assignment six, the defendant argues that the State did not prove that he knowingly and voluntarily waived his Boykin rights when he pled guilty to the 1983 conviction used in the multiple bill proceeding.
*915 In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination; the right to trial by jury; and the right to confront one's accusers. The purpose of the Boykin rule is to ensure that the defendant had adequate information to plead guilty intelligently and voluntarily. The Supreme Court announced its unwillingness to presume a waiver of these important rights from a silent record. Boykin was adopted by the Louisiana Supreme Court in State ex rel Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) and held to apply to all pleas of guilty taken after December 8, 1971.
In order to enhance a sentence with a prior guilty plea, the state bears the burden of proving that the guilty plea was constitutionally taken. State v. Shelton, 621 So.2d 769 (La.1993). The Louisiana Supreme Court in Shelton reviewed the entire jurisprudence regarding the burden of proof in habitual offender proceedings in light of the recent United States Supreme Court ruling in Parke v. Raley, ___ U.S. ___, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). In Parke, the court affirmed the "`presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights" (Parke, supra at ___, 113 S.Ct. at 523) and found it appropriate to assign a burden of proof to the defendant who contests the validity of his guilty plea.
In Shelton, supra at 779-780, the Louisiana Supreme Court concluded that
"[i]n light of the fact that Parke holds Boykin does not require that the entire burden be placed on the prosecution in a recidivism proceeding and because our present system of placing the entire burden on the State fails to give any presumption of regularity to a final conviction used in an habitual offender hearing, we today revise our previous scheme allocating burdens of proof in habitual offender proceedings.
If the defendant denies the allegations of the bill of information, the burden is on the State to prove the existence of the prior guilty pleas and that defendant was represented by counsel when they were taken. If the State meets this burden, the defendant has the burden to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. If the defendant is able to do this, then the burden of proving the constitutionality of the plea shifts to the State. The State will meet its burden of proof if it introduces a "perfect" transcript of the taking of the guilty plea, one which reflects a colloquy between judge and defendant wherein the defendant was informed of and specifically waived his right to trial by jury, his privilege against self-incrimination, and his right to confront his accusers. If the State introduces anything less than a "perfect" transcript, for example, a guilty plea form, a minute entry, an "imperfect" transcript, or any combination thereof, the judge then must weigh the evidence submitted by the defendant and by the State to determine whether the State has met its burden of proving that defendant's prior guilty plea was informed and voluntary, and made with an articulated waiver of the three Boykin rights. We note that this new procedure will not only give appropriate significance to the presumption of regularity which attaches to judgments of conviction which have become final, but will also provide an advantage to defendants who were previously under [State v. Lewis, 367 So.2d 1155 (La.1979)] unable to introduce any extra-record evidence and whose guilty pleas were heretofore under [State v. Tucker, 405 So.2d 506 (La.1981)] found constitutionally valid by mere proof of a minute entry and a guilty plea form.[1]
The court in Shelton found that the state had introduced sufficient evidence of the existence of a prior guilty plea. However, the *916 state had not produced a "perfect" transcript of the guilty plea. As the state had introduced only the minute entry of the guilty plea and the waiver of rights form, the court remanded the case to allow the defendant an opportunity to meet his burden of proof.
This Court has followed the holding in Shelton in two recent cases handed down on December 30, 1993. In State v. Lawrence Ruiz, 630 So.2d 897, 92-KA-2092 (La.App. 1993), the defendant alleged that trial court erred in finding him to be a multiple offender as the state failed to prove that his guilty plea to the predicate offense was informed and voluntarily made. This Court, in affirming the defendant's adjudication as a multiple offender, noted that the state had produced a "perfect" transcript showing that the defendant had been personally addressed by the trial judge and informed by the judge of his Boykin rights.
The state in State v. Robert Carter, 630 So.2d 926 (La.App.1993) was unable to produce the transcript of defendant's guilty plea to one of the predicate offenses used in the multiple bill of information. The state introduced the bill of information, the guilty plea, the docketmaster, and minute entry of the guilty plea. The minute entry of the guilty plea stated that the trial judge questioned the defendant regarding his guilty plea and "orally advised him of his legal rights in accordance with BOYKIN." The defendant initialled the guilty plea form beside each of the three Boykin rights which the form stated that defendant was waiving by pleading guilty. This court, finding that the state introduced a less than "perfect" transcript of the guilty plea, remanded the case to allow the defendant an opportunity to meet his burden of proof under Shelton.
The colloquy between the trial court and the defendant is the preferred evidence proving that the defendant knowingly and voluntarily waived his rights by pleading guilty. State v. Morgan, 604 So.2d 719 (La.App. 4th Cir.1992).
At the hearing July 31, 1984, the State introduced the bill of information, the plea of guilty form, the docket master, and the minute entry in case # 295-060. At the hearing August 15, 1984, the State introduced the same documents. Although the record contains a transcript of the colloquy, the preferred method of proof of waiver of the Boykin rights, which clearly establishes that the defendant was advised of his Boykin rights, the colloquy was apparently never introduced into evidence. Without the colloquy having been admitted, the transcript is less than perfect and the case is governed by Shelton. We will therefore remand this case to the trial court for a new evidentiary hearing to permit the State and defendant to submit their respective evidence on their burden of proof. On re-sentencing the trial court may consider the Louisiana Sentencing Guidelines which were not addressed in the original sentence.
PRO SE ASSIGNMENT SEVEN:
Defendant's final assignment wherein he argues that the trial court should have been required to hold a second evidentiary hearing on the multiple bill after the trial court granted his motion to correct the sentence is moot based on our holding herein requiring a new evidentiary hearing.

CONCLUSION
Accordingly, sentence is vacated and the case is remanded for a new multiple bill hearing at which both the State and the defendant can introduce evidence to meet their burdens of proof under Shelton, and the trial court can re-sentence defendant pursuant to the Louisiana Sentencing Guidelines.
SENTENCE VACATED AND REMANDED.
PER CURIAM.
The judgment of this court rendered on February 25, 1994 omitted language with regard to the disposition of defendant's conviction. We now clarify our earlier opinion to hold that defendant's conviction is affirmed.
NOTES
[1] By Act No. 896, the Louisiana Legislature amended R.S. 15:529.1 to place on the defendant the burden of showing that a guilty plea for a predicate offense is defective. The language of both the act and the Louisiana Supreme Court's opinion in Shelton track the language used by the United States Supreme Court in Parke.