986 So.2d 667 (2008)
STATE of Louisiana
v.
Donald FOREST.
No. 2008-KK-1474.
Supreme Court of Louisiana.
July 24, 2008.
PER CURIAM.
On February 15, 2006, Donald Forest was charged by true bill of indictment with *668 one count of second degree murder. On June 9, 2006, Forest pled not guilty. Forest filed a motion to suppress his videotaped confession on February 15, 2007. After a hearing on the motion, the trial court suppressed the confession, but the court of appeal reversed. This Court denied writs.[1] On May 21, 2008, six days before the trial, the State filed a notice of intent to use the aforementioned confession, as well as a confession made to an arresting officer which was noted in a supplemental police report. The trial court held that the State should be precluded from using the statement as a sanction for discovery violations pursuant to La. C. Cr. P. art. 729.5. The court of appeal denied the State's writ application, finding no abuse of discretion in the trial court's judgment. The State filed a writ application with this Court.

LAW AND DISCUSSION
In determining whether the trial court erroneously precluded the use of the confession pursuant to La. C. Cr. P. art. 729.5, it is noted that statute provides:
A. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
B. In addition to the sanctions authorized in Part A hereof, if at any time prior or subsequent to final disposition the court finds that either the state through the district attorney or assistant district attorney or the defendant or his counsel has willfully failed to comply with this Chapter or with an order issued pursuant to this Chapter, such failure shall be deemed to be a constructive contempt of court.
A reading of La. C. Cr. P. art. 729.5 indicates that it is meant to apply to situations involving discovery violations. The Defense relies on a purported "long standing tradition in Orleans Parish Criminal District Court that discovery is provided without [a written] motion." The Defendant argues that its Motion to Suppress filed on February 15, 2007 should suppress any confessions, including the confession in question. On the other hand, the State argues that La.C.Cr.P. art. 729.5 does not preclude the use of the defendant's confession to the arresting officers because the State was never ordered to furnish discovery relative to the confession. The State points out that a discovery motion was never filed by the defendant for the confession although the Defendant was aware of the confession.
In this case, there was apparently no discovery motion filed by the defendant, and thus, no court ordered discovery. The docket sheet does not demonstrate that a discovery motion was filed by the defendant. To prevent the State from using the confession, there must be a motion seeking discovery, pursuant to La. C. Cr. P. art 716,[2] of the confession and/or an order *669 from the trial court mandating that such material be disclosed. The record demonstrates that no such order or discovery request existed.
Here, the Defendant was not granted pretrial discovery. However, the State has complied with the requirements of Article 768[3] because it advised of its intent to use the confession prior to opening statement.
On the showing made, the trial court's exclusion of the confession as a sanction for violation of La. C. Cr. P. art. 729.5 appears to be clearly wrong.

CONCLUSION
For the reasons assigned, the lower courts' rulings are reversed and the case is remanded to the district court for further proceedings.
VICTORY, J., concurs.
NOTES
[1] State v. Forest, XXXX-XXXX (La.10/26/07), 966 So.2d 576.
[2] La. C. Cr. P. art. 716 provides:

A. Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph or otherwise reproduce any relevant written or recorded confession or statement of any nature, including recorded testimony before a grand jury, or copy thereof, of the defendant in the possession, custody, control, or knowledge of the district attorney.
B. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature, made by the defendant, which the district attorney intends to offer in evidence at the trial, with the information as to when, where and to whom such oral confession or statement was made.
C. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the substance of any oral statement which the state intends to offer in evidence made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a law enforcement officer.
[3] La. C. Cr. Proc. art. 768 provides that:

Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.