PAUL A. BONIN, Judge.
hShounda Edwards was charged by the district attorney with the aggravated battery of Shantell Williams. Following a bench trial, she was found guilty of second degree battery. Ms. Edwards was sentenced to three years imprisonment in the custody of the Department of Corrections. Ms. Edwards now appeals her conviction and sentence.
Ms. Edwards initially briefed three assignments of error. Her first assignment claims that her Sixth Amendment right to trial by jury was violated since she did not *134 personally waive her right to trial by jury or consent to trial by judge. Her second assignment contends that the trial judge impermissibly admitted into evidence a drinking glass which was only similar to the drinking glass involved in the altercation between Ms. Edwards and Ms. Williams. Finally, her third assignment argues that the trial judge prejudiced her constitutional right to present a defense by improperly excluding a photograph of Ms. Edwards’s injuries because she had failed to timely produce the photograph during discovery.
12After our de novo review of the transcripts of the arraignment and the proceedings immediately prior to the commencement of her bench trial, we find that, under our controlling precedent, Ms. Edwards’ right to trial by jury was not violated since she was advised by the trial judge of her right to trial by jury, was present when her counsel elected trial by judge, and made no objection at that time. With respect to her second assignment, we hold that the introduction of a similar drinking glass to the one actually involved in the altercation did not prejudice Ms. Edwards’ defense because Ms. Edwards was acquitted of the charge of aggravated battery, which requires proof of a dangerous weapon. With respect to her third assignment, we conclude that Ms. Edwards failed to establish that by excluding the photograph in question (which was not proffered for our independent examination) the trial judge prejudiced her ability to present a defense.
Later, by way of her reply or rebuttal brief, Ms. Edwards attempted to raise three additional assignments of error: (1) insufficiency of the evidence to support her conviction, (2) excessiveness of her sentence,[1] and (3) excessiveness of the amount of appeal bond required.[2] We decline to consider these additional assignments of error for two reasons. First, a rebuttal brief is limited to responding |3to matters raised by the appellee’s brief. See Uniform Rules, Courts of Appeal, Rule 2-12.6 (“The appellant may file a reply brief, if he has timely filed an original brief, but it shall be strictly confined to rebuttal of points urged in the appellee’s brief. No further briefs may be filed except by leave of court.”). Second, these assignments of error were abandoned when Ms. Edwards did not brief them. See Uniform Rules, Courts of Appeal, Rule 2-12.4 (“All specifications or assignments of error must be briefed. The court may consider as abandoned any specification or assignment of error which has not been briefed.”).
*135 We accordingly affirm Ms. Edwards’s conviction and sentence.[3] We explain our decision in more detail below.
I
In this Part, we address Ms. Edwards’s argument that her Sixth Amendment right to a trial by jury was violated when her counsel selected trial by judge without her stated consent.
A
At the outset, we note that, because Ms. Edwards was charged with a felony, she was entitled to a trial by jury. See U.S. Const. amends. VI and XIV; Duncan v. State of Louisiana, 391 U.S. 145, 149-150, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). The right to trial by jury, however, may be knowingly and intelligently waived. See Adams v. United States ex rel. McCann, 817 U.S. 269, 277-278, 63 S.Ct. 236, 87 L.Ed. 268 (1942). See also La. Const, art. I, § 17(A); La.C.Cr.P. art. 780 A (“A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge.”).
| ¿Whether a criminal defendant waives her right to trial by jury in an intelligent, competent, self-protecting manner necessarily depends upon the circumstances unique to each ease. See Adams, 317 U.S. at 278, 63 S.Ct. 236. A defendant need only know and understand that the choice confronting her is, “on the one hand, to be judged by a group of people from the community, and on the other hand, to have her guilt or innocence determined by a judge.” State v. Bazile, 12-2243, p. 17 (La.5/7/13), - So.3d -, 2013 WL 1880395. If a defendant understands that choice, her jury waiver is deemed knowing and intelligent. See id., 12-2243 at p. 18, — So.3d at-. No greater proof of knowing and intelligent waiver is constitutionally or jurispruden-tially required. See State v. Johnson, 389 So.2d 1302, 1304-1305 (La.1980). Additionally, in reviewing a defendant’s claim that her waiver of trial by jury was not knowing or intelligent, we do not consider the strategic considerations, motivations, or benefits underlying a defendant’s waiver, but instead restrict ourselves solely to the issue of her knowledge. See Bazile, 12-2243 at p. 18, — So.3d at-.
The preferred procedure for a trial judge to ascertain whether a defendant wishes to waive her right to trial by jury is for the trial judge to advise the defendant personally on the record about the intended waiver and to require the defendant to waive the right in writing or verbally in open court on the record. See State v. Bryant, 06-1154, p. 7 (La.App. 4 Cir. 1/10/07), 950 So.2d 37, 40; State v. Richardson, 575 So.2d 421, 424 (La.App. 4th Cir.1991); State v. Wolfe, 98-0345, p. 6 (La.App. 4 Cir. 4/21/99), 738 So.2d 1093, 1097; State v. Abbott, 92-2731 (La.App. 4 Cir. 2/25/94), 634 So.2d 911, 913. When, as in this case, the trial judge does not follow this preferred procedure, we may nevertheless conduct a de novo review of the record to ascertain whether the defendant was advised of her | aright to trial by jury, whether the defendant was present when her counsel elected trial by judge, and, if she was present, whether she voiced any objection to the election. See State v. Santee, 02-0693, p. 3 (La.App. 4 Cir. 12/04/02), 834 So.2d 533, 535; State v. Denson, 11-0517, pp. 7-8 (La.App. 4 Cir. 1/25/12), 83 So.3d 1183, 1188-1189.
*136 At her arraignment, the trial judge advised Ms. Edwards of her right to be tried either by a jury or by a judge. On the day that her trial was scheduled to commence,[4] the trial judge inquired of her counsel in the presence of Ms. Edwards whether the trial would be by jury or by judge. Initially, Ms. Edwards’ counsel stated “jury,” and, in response, the trial judge directed that a jury panel be summoned to the courtroom. Following an off-the-record discussion at the bench and prompting by the prosecutor, Ms. Edwards’s counsel stated on the record and in Ms. Edwards’ presence that Ms. Edwards selected a trial by judge. At that time Ms. Edwards voiced no objection, and the trial by judge was commenced.
There is no doubt that Ms. Edwards was aware of her right to a trial by jury. We need not remand this matter to the trial court for an evidentiary hearing in order to determine whether her waiver was knowing and voluntary as the defendant requests. Cf. State v. Nanlal, 97-0796 (La.9/26/97), 701 So.2d 963 (per curiam).
In conclusion, we find her constitutional right to trial by jury was not violated.
_b.II
Ms. Edwards next argues that the trial judge’s admission into evidence, over objection, of a rocks-style drinking glass “prejudiced her immensely.” Generally, substituting a “weapon” which is allegedly “similar” to the one used to commit the crime is considered error. See State v. Manieri, 378 So.2d 931, 933 (La.1979) (“The jurors naturally tend to infer a connection between the weapon and the murder simply from a mere viewing of the material object, although such a connection is not proved.”). Erroneous admission of demonstrative evidence, however, is subject to harmless error analysis whereby we determine whether the accused’s right to a fair trial was prejudiced. See id. See also La.C.Cr.P. art. 921 (“A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.”).
Here, there was ample testimony that the admitted glass, although similar, was not the actual one thrown at the victim by the defendant. The trial judge, as the trier-of-fact, was well aware that the glass introduced into evidence was not the actual glass involved. Thus, the prejudicial impact upon the defendant would have been negligible. See State v. Ard, 08-1440, p. 8 (La.App. 4 Cir. 6/17/09), 15 So.3d 1166, 1170-1171.
Bearing of even greater significance to this issue is that the judgment (or verdict) rendered by the trial judge showed that the admission of the drinking glass [7was not prejudicial whatsoever. Ms. Edwards was charged by the district attorney with aggravated battery. An essential element of that offense is the use of a “dangerous weapon.” See La. R.S. 14:34 A. See also State v. Rideau, 05-0462, pp. 18-19 (La.App. 4 Cir. 12/6/06), 947 So.2d 127, 138-139. Ms. Edwards, however, was acquit *137 ted of that offense when the trial judge rendered a judgment of guilty of the lesser included offense of second degree battery, which requires only the intentional infliction of serious bodily injury. See La. R.S. 14:84.1; La.C.Cr.P. arts. 598 A, 814 A(14) and 820 (“All provisions of this Chapter regulating the responsiveness and effect of verdicts shall apply to cases tried without a jury.”). See also Green v. United, States, 355 U.S. 184, 190, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); State v. Thomas, 05-2878, p. 2 (La.4/17/06), 926 So.2d 490, 491 (per curiam).
Thus, the lesser-included offense for which she was actually convicted does not require proof of a dangerous weapon. And, during the sentencing hearing, the trial judge even stated that he was not convinced beyond a reasonable doubt that the drinking glass constituted a dangerous weapon.
Because the admission of the substituted drinking glass did not prejudice Ms. Edwards’s defense, she is not entitled to a reversal of her conviction.
Ill
Ms. Edwards’ final briefed assignment of error contends that the trial judge abused his discretion by excluding a photograph of her purported injury as a sanction for a discovery violation. Ms. Edwards concedes that she violated her discovery obligation to produce the photograph in advance of trial and offers no | ^explanation for that violation. The trial judge’s exclusion of the photograph was a permissible, but not mandated sanction. See La.C.Cr.P. art. 729.5 A (if a party fails to comply with his discovery obligations the court may “prohibit the party from introducing into evidence the subject matter not disclosed”).
Ms. Edwards argues on appeal that the court, by excluding the photograph, prevented her from presenting her defense that she, too, was attacked. Ms. Edwards called two witnesses in addition to herself to testify that she — Ms. Edwards — was attacked and to deny seeing Ms. Edwards attack Ms. Williams. Notably, though, no witness testified that Ms. Williams attacked Ms. Edwards. Ms. Edwards testified that she sustained a “hickey” on her head and that her dress was stained with the blood of one of her witnesses. The trial judge, the trier of fact, also viewed the photograph prior to its exclusion as a sanction.
Ms. Edwards did not proffer the excluded photograph for our examination and review. The trial judge did not in any way restrict or limit Ms. Edwards from proffering the photograph for the purposes of appellate review. Cf. State v. Brooks, 98-1151, p. 17 (La.App. 1 Cir. 4/15/99), 734 So.2d 1232, 1241 (‘We deem it appropriate and necessary to remand this matter for a hearing because defendant’s proffer was restricted by the trial judge, and defendant’s constitutional right to present a defense was significantly impaired.”).
An error may not be predicated upon a ruling which excludes evidence unless a substantial right of the party is affected and the substance of the evidence was made known to the court by counsel. See La. C.E. art. 103 A(2). We find no | ¡^indication that Ms. Edwards was prevented from presenting any defense whatsoever. She was allowed to call witnesses to testify that there was a general melee’ at the party and that they did not observe Ms. Edwards injure or batter Ms. Williams. Ms. Edwards was also able to testify that she was injured in the incident but, as already noted, did not claim that Ms. Williams played any role in causing the fight or in injuring her. Notably, Ms. Edwards did not suggest at trial that her defense was that she had accidentally rath *138 er than intentionally injured Ms. Williams. See La. R.S. 14:33 (“[bjattery is the intentional use of force or violence upon the person of another”); State v. Lawrence, 09-1637, p. 6 (La.App. 4 Cir. 8/25/10), 47 So.3d 1003, 1007 (“the antithesis of an intentional act is an accidental act”).
Under such circumstances, we cannot find that the exclusion (as a discovery sanction) from evidence of a photograph supposedly depicting a “hickey” on her head impaired, much less significantly impaired, Ms. Edwards’ ability to present a defense. Because the photograph, as she has described it, has so little probative value, her right to present her defense does not require its introduction into evidence notwithstanding the discovery violation. Cf. State v. Gremillion, 542 So.2d 1074, 1078 (La.1989).
On the basis of the record before us, therefore, we do not find that the trial judge abused his discretion in excluding the photograph from evidence as a discovery sanction. See State v. Seals, 95-0305, p. 14 (La.11/25/96), 684 So.2d 368, 378; State v. Forest, 08-1474, p.1 (La.7/24/08), 986 So.2d 667, 667.
|inDECREE
The conviction of Shounda Edwards for the second degree battery of Shantell Williams is affirmed. Her sentence is also affirmed.
AFFIRMED.

. We note that Ms. Edwards made no motion to reconsider her sentence and, thus, has not preserved the issue for review. See La. C.Cr.P. art. 881.IE ("Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.”).

. With respect to her claim regarding the excessiveness of the amount set for bail on appeal, the appropriate remedy for this matter was to invoke our supervisory jurisdiction during the pendency of the appeal. See La. C.Cr.P. art. 343 ("A person held may invoke the supervisory jurisdiction of the court of appeal on a claim that the trial court has improperly refused bail or a reduction of bail in a bailable case.”). See also Livingston Downs Racing Ass'n, Inc. v. Louisiana State Racing Comm'n, 96-1215, p. 3 (La.App. 4 Cir. 6/5/96), 675 So.2d 1214, 1216 ("[T]he difference between supervisory jurisdiction and appellate jurisdiction is that the former is discretionary on the part of the court while the latter is invocable by the litigant as a matter of right.”). Since we are now affirming Ms. Edwards’ conviction and sentence, however, the issue of the amount of her bail on appeal is now moot.

. We have, as always, examined the record for errors patent and have detected none. See La.C.Cr.P. art. 920(2).

.- Ms. Edwards waived her right to trial by jury on the day that her trial was scheduled to commence. The timing of this waiver seems improper. See La. Const, art. I, § 17(A): "Except in capital cases, a defendant may knowingly and intelligently waive his right to trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.” (emphasis added) But neither party has complained of the seeming irregularity; there is nothing for us to review. See Greenlaw v. United States, 554 U.S. 237, 243-244, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008) ("[A]s a general rule, our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.”).