SCHOTT, Judge.
Defendant was convicted of prostitution, third offense, in violation of R.S. 14:82 and sentenced to two years in the parish prison and $87.50 in court costs or thirty days in parish prison in default of payment.
In our review the record for errors patent we note that the sentence is illegally lenient because no fine was imposed whereas conviction requires a minimum fine of $500. However, such an error may not be corrected on appeal where not addressed by the state. State v. Fraser, 484 So.2d 122 (La.1986).
In her first assignment of error defendant argues that she was erroneously convicted of being a third offender because her two predicate convictions occurred on the same day. Her theory is that the legislature intends to impart a lesson to such an offender with each offense/convietion so that each must occur separately and in sequence to be used for enhancement of a subsequent offense. The statute’s wording does not support this contention. It provides for enhancement in the event of a third conviction. Defendant had two prior convictions for separate offenses even though the convictions occurred on the same day. We fail to see any ambiguity in the statute. Furthermore, defendant knew she had the two prior convictions when she committed the third offense. She was charged with the full knowledge of the risk she was taking by her behavior. See State v. Sigler, 396 So.2d 1305 (La.1981).
By her second assignment of error defendant attacks the sentence as unconstitutionally excessive. She argues that the two year jail sentence, although the minimum allowed by the statute, constitutes cruel, unusual or excessive punishment in violation of both federal and state constitutions. We are not persuaded by this argument. Defendant also contends that she should receive the benefit of the five year cleansing period which was added to the law by Act 569 of 1987. Her prior offenses occurred in 1980 more than five years prior to the present offense which was committed in February, 1986. Act 569 did not become effective until September 1, 1987. A defendant is to be tried under the statute in effect at the time of the commission of the crime. That a statute is subsequently amended to modify or lessen the possible penalty does not extinguish liability for the offense committed under the *91 former statute. R.S. 24:171; State v. Narcisse, 426 So.2d 118 (La.1983) cert. den. Narcisse v. Louisiana, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983).
By her third assignment defendant contends that the jail term in default of payment of court costs is inappropriate since she is an indigent. The state concedes this point.
Accordingly, the conviction and sentence are affirmed but the sentence is amended to delete that portion which imposes an additional jail term in default of payment by defendant of $87.50 for courts costs.
CONVICTION AFFIRMED SENTENCE AMENDED.