834 So.2d 533 (2002)
STATE of Louisiana
v.
Darren L. SANTEE.
No. 2002-KA-0693.
Court of Appeal of Louisiana, Fourth Circuit.
December 4, 2002.
Harry F. Connick, District Attorney, Leslie P. Tullier, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Karen G. Arena, Louisiana Appellate Project, River Ridge, LA, for Defendant/Appellant.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MIRIAM G. WALTZER, Judge MICHAEL E. KIRBY).
MIRIAM G. WALTZER, Judge.
STATEMENT OF CASE
Darren L. Santee was charged by bill of information on 9 July 2001, with possession *534 of cocaine, a violation of La. R.S. 40:967(C)(2). He pled not guilty at his arraignment on 14 August 2001. On 4 October 2001 the trial judge denied Santee's motion to suppress the evidence, and found probable cause. Following the 25 October 2001 judge trial, Santee was found guilty as charged. On 6 November 2001 the court denied Santee's motion for a new trial, and sentenced him to two years with credit for time served. That same day, the State filed a multiple bill. On 29 November 2001, Santee was adjudicated a fourth felony offender. The judge vacated Santee's original sentence, and re-sentenced him to life imprisonment. Santee filed a motion to reconsider sentence, which the trial court denied.
STATEMENT OF FACTS
On 7 February 2001 at approximately 10:30 p.m., Detective Jewels Martin, Sgt. Little and Officer Craig Myers were on pro-active patrol in the 4100 block of Holly Grove when they observed the defendant standing on the sidewalk. As the officers approached in their patrol cars, the defendant appeared nervous, and put his hands into his sweater. As the car lights shone on the defendant, the officers observed him discard two objects from his left pocket. Detective Martin exited his vehicle, and retrieved the objects as Sgt. Little and Officer Myers detained the defendant. Detective Martin examined the two objects, and suspected that they were rock cocaine.
The State and defense stipulated that if Officer Harry O'Neal were called to the stand he would be accepted as an expert in the analysis of controlled dangerous substances, and confirm that the two objects retrieved by Officer Martin tested positive for cocaine.
The defendant testified that on the night he was arrested, he had left his mother's house en route to a bar on Holly Grove. As he approached Holly Grove and Pear Street, he saw three men standing on the sidewalk. He asked them for a ride to a bar on Airline Highway. When the trio refused, he turned, and walked away. As he did so, he noticed car lights shining behind him. He turned around, and noticed the police cars. The three men he asked for a ride fled on foot. He removed his hood from his head to identify himself to the officers. Officers Little and Myers exited their vehicle, and detained him. They took him to Detective Martin who told the defendant that he had seen the defendant discard the contraband. The defendant denied dropping the cocaine, and said he had nothing to do with drugs. Thereafter, the officers handcuffed and arrested him.
ERRORS PATENT
A review for errors patent on the face of the record reveals none.
ASSIGNMENT OF ERROR NUMBER 1
In his first assignment of error, the defendant contends he is entitled to a new trial because he did not properly waive his right to trial by jury.
A defendant may waive his right to a jury trial and elect to be tried by the judge. La.C.Cr.P. art. 780. Generally, the waiver is to be entered at arraignment. However, the trial judge may accept a waiver of a jury trial at any time prior to the commencement of trial. La. C.Cr.P. art. 780(B). A waiver of trial by jury is valid only if the defendant acted voluntarily and knowingly. State v. Kahey, 436 So.2d 475, 486 (La.1983). The waiver must be express and is never presumed. Kahey, 436 So.2d at 486. The record must show a knowing and intelligent waiver. State v. Williams, 99-223 (La.App. 5 Cir. 6/30/99), 742 So.2d 604, 606. While it is preferred for the trial judge to advise the defendant personally *535 on the record of his right to a jury trial and have the defendant waive the right personally on the record, the Louisiana Supreme Court has refused to mandate this method as an absolute rule. Kahey, 436 So.2d at 486. While the trial judge must determine if the defendant's jury trial waiver is knowing and intelligent, that determination does not require a Boykin like colloquy. State v. Frank, 549 So.2d 401 (La.App. 3 Cir.1989).
In State v. Phillips, 365 So.2d 1304 (La. 1978), the Louisiana Supreme Court specifically addressed the issue of whether a defense attorney could waive a defendant's right to trial by jury. In deciding that a defense attorney could in fact waive this right, the Louisiana Supreme Court stated:
We find no error in the determination of the trial judge here that the present defendant gave his informed consent to the waiver made in his presence by his attorney, especially in light of the facts that the judge had informed defendant not once, but twice, of his right to choose between a judge trial and a jury trial, and that the defendant was shown to have had prior experience as an accused in the trial of a criminal prosecution.
365 So.2d at 1309.
In this case, the defendant was represented by counsel at his arraignment on 14 August 2001 and was advised that he had a right to trial by judge or jury. Trial began on 25 October 2001, and counsel represented the defendant. On the record, defense counsel stated: "Your Honor, the defendant Mr. Santee has elected a trial by judge." It is clear that the defendant and his counsel consented to the waiver of the right to trial by jury. The defendant remained silent when his attorney conveyed his wish to be tried by the judge. Also, during the trial, defense counsel again asked the defendant if it was his wish to be tried by the judge. The defendant on the record replied: "Yes, ma'am." In addition to defense counsel's waiver before trial, and the defendant's waiver during trial, the transcript also reveals that defendant testified in his own defense, and was aware and alert and able to answer his attorney's questions. Furthermore, the defendant has previous experience as an accused in at least three prior criminal proceedings, including two where he pled guilty. These factors show that he understood the proceedings and the issue of waiving his rights. Thus, considering the defense counsel's indication that it was the defendant's wish for a judge trial, the defendant's silence after his attorney's statement, the defendant's subsequent waiver during trial, as well as his awareness of the proceedings, we find ample evidence in the record that he knowingly and intelligently waived his right to a jury trial. This assignment has no merit.
ASSIGNMENT OF ERROR NUMBER 2
In a second assignment of error, the defendant argues he is entitled to a new multiple bill hearing because the evidence introduced at the multiple bill hearing cannot be located for appellate review.
In this record, in response to a second request from this Court for production of the exhibits introduced into evidence at the multiple bill hearing, there is a notation from the Criminal Clerk of Court's office dated 8 July 2002, which reads: "No exhibits found in the Clerk's Office file."
In State v. Cossee, 95-2218 (La.App. 4 Cir. 7/24/96), 678 So.2d 72, 73, this Court held that the failure to file a written response to the multiple bill as required by La. R.S. 15:529.1(D)(1)(b) precluded appellate review of the defendant's claim that the documentary evidence was not sufficient to support prior convictions set forth in the multiple bill.
*536 In this case, at his arraignment on the multiple bill, the defendant entered a plea of not guilty; however the record contains no written response to the multiple bill as required by La. R.S. 15:529.1(D)(1)(b).
When the record does not contain the defendant's written response to the multiple bill, the issue will not be preserved for appellate review unless the objection is made orally. State v. Anderson, 97-2587 (La.App. 4 Cir. 11/18/98), 728 So.2d 14, 17.
At the multiple bill hearing in this case, defense counsel focused on the fact that one of the arrest registers was missing, and part of the identification could not be matched by fingerprints. Thus, defense counsel clearly preserved the identity issue for appellate review. See State v. Hayden, 98-2768 (La.App. 4 Cir. 5/17/00), 767 So.2d 732, writ den. XXXX-XXXX (La.9/21/01), 797 So.2d 58. However, because the exhibits are not available, it is impossible to determine the merits of this assignment of error, and whether the State met its burden of proof at the multiple bill hearing. Therefore, the defendant's adjudication and sentence under the multiple offender statute are vacated. La. Const. art. I, § 19 (1974); State v. Ford, 338 So.2d 107 (La.1976).
CONCLUSION
We affirm the conviction of possession of cocaine, but vacate the multiple offender adjudication and sentence. We reinstate the original sentence of two years, and remand for further proceedings consistent with this opinion and the law.
CONVICTION AFFIRMED, MULTIPLE OFFENDER ADJUDICATION AND SENTENCE REVERSED, ORIGINAL SENTENCED IMPOSED.