MADELEINE M. LANDRIEU, Judge.
hThe defendant, Cortez C. Denson, appeals his conviction of distribution of cocaine and his adjudication and sentencing as a third felony offender. For the reasons that follow, we affirm.

STATEMENT OF CASE

On June 22, 2006, Mr. Denson was charged with possession with intent to distribute cocaine. The docket master reflects that he entered a not guilty plea on March 14, 2007.[1] Following a hearing on June 15, 2007, the district court found probable cause and denied the defendant’s motion to suppress the evidence. On September 12, 2007, the State amended the bill of information to charge the defendant with distribution of cocaine. After waiving a jury trial, the defendant was found guilty as charged[2] and was sentenced on October 18, 2007 to serve ten years at hard labor. Subsequently, the State filed a multiple bill of information charging Mr. Denson as a fourth felony offender. On August 1, 2008, for reasons discussed in appellant’s third assignment of error, Mr. Denson was adjudicated a |?third felony offender. As a result, the district court resentenced the defendant to serve twenty years at hard labor. Mr. Denson appeals his conviction and sentence as a third felony offender.

*1186
STATEMENT OF FACT

Testimony at trial and at the hearing on the motion to suppress reveals that at approximately 3:00 a.m. on March 18, 2005, Officers Monteleone and Booth were traveling along Baudin Street in a fully marked police vehicle when they observed a white male (Lutcher) approach a black male (Denson) on the corner of Baudin and South Genois Streets. Both men were nervously looking around. As the officers continued driving in the direction of the two men, they observed Lutcher hand some currency to the defendant in exchange for what appeared to be a green cigarette box. Believing that they had just witnessed a drug transaction, the officers decided to make an investigatory stop. When Lutcher saw the police vehicle, he dropped the cigarette pack, and he and Denson began walking in opposite directions.
The officers exited the vehicle. Officer Monteleone pursued and apprehended the defendant, Mr. Denson; she then handcuffed him for her safety because he was confrontational. Officer Booth first retrieved the cigarette box that was dropped by Lutcher, and she informed Officer Mon-teleone that it contained six individually wrapped pieces of what appeared to be crack cocaine. Officer Booth then pursued and apprehended Lutcher. Both suspects were arrested and had their rights read to them; neither suspect made a statement. In a search incident to the defendant’s arrest, Officer Monteleone seized $167.00, but did not find any contraband in defendant’s possession.
|sBoth officers identified Mr. Denson in court. Officer Booth also identified the evidence bag and the receipt relative to the cocaine that was seized. She noted certain damage to the items that was attributable to the flood waters following Hurricane Katrina. The cigarette box and money were not available for trial.
The State offered stipulations that Sergeant O’Neal was an expert in the analysis and identification of controlled and dangerous substances, and that the six individually wrapped pieces that had been found inside the discarded cigarette box had tested positive for cocaine. Although the defense did not accept these stipulations, defense counsel admitted that he had not objected to the State’s notice of intent to introduce the criminalist report as prima facie proof in accordance with La. R.S. 15:499, et seq. The report was then admitted into evidence.

ERRORS PATENT

A review of the record for patent errors reveals two issues warranting comment.
First, as indicated in the statement of the case, the minute entry of the defendant’s arraignment is missing from the record. However, the docket master entry dated March 14, 2007 reflects that the defendant was present in court and that he entered a not guilty plea.
Notwithstanding the discrepancy noted above, La.C.Cr.P. art. 555 provides that a failure to arraign the defendant or the fact that the defendant did not plead is waived if the defendant enters upon trial without objecting thereto, in which case he is presumed to have pled not guilty. In the instant case, the record shows that no such objection was made by the defendant’s counsel; therefore, the defendant is presumed to have pled not guilty.
14Regarding the second potential error patent, La. R.S. 40:967 requires that the first two years of appellant’s sentence be served -without the benefit of parole. In this case the district court failed to restrict parole eligibility; however, La. R.S. 15:301.1(A) self-activates the correction of this error and eliminates the need to remand for a ministerial correction of the *1187 sentence. State v. Williams, 2000-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799.
No other patent errors were found.

ASSIGNMENT OF ERROR NUMBER ONE

By his first assignment, appellant asserts that the district court erred by denying his motion to suppress the evidence. He specifically urges that the officers lacked reasonable cause to conduct an investigatory stop.
A police officer has the right to detain briefly and interrogate a person when the officer has a reasonable, articula-ble suspicion that the person is, has been, or is about to be engaged in criminal conduct. La.C.Cr.P. art. 215.1; Terry v. Ohio, 892 U.S. 1, 30, 88 S.Ct. 1868, 1884-5, 20 L.Ed.2d 889 (1968); State v. Tucker, 626 So.2d 707, 710 (La.1993). “Reasonable suspicion” is something less than probable cause, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of an individual’s right to be free from governmental interference. State v. Robertson, 97-2960, p. 3 (La.10/20/98), 721 So.2d 1268, 1269. Mere suspicious activity is not a sufficient basis for police interference with an individual’s freedom. State v. Williams, 421 So.2d 874, 876 (La.1982). “However, the level of suspicion need not rise to the probable cause needed for a lawful arrest.” State v. Huntley, 97-0965, p. 3 (La.3/13/98), 708 So.2d 1048, 1049. The detaining officer must have knowledge of specific, | ¡^articulable facts, which, if taken together with rational inferences from those facts, reasonably warrant the stop. State v. Dennis, 98-1016, p. 5 (La.App. 4 Cir. 9/22/99), 753 So.2d 296, 299. The police do not have to observe what they know to be criminal behavior before investigating. State v. Benjamin, 97-3065, p. 3 (La.12/1/98), 722 So.2d 988, 989. The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Belton, 441 So.2d 1195, 1198 (La.1983). An investigative stop must be justified by some objective manifestation that the person to be stopped is or is about to be engaged in criminal activity, or else there must be reasonable grounds to believe that the person is wanted for past criminal conduct. State v. Moreno, 619 So.2d 62, 65 (La.1993). In reviewing the totality of the circumstances, the officer’s past experience, training, and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Cook, 99-0091, p. 6 (La.App. 4 Cir. 5/5/99), 733 So.2d 1227, 1232.
The evidence in the instant case establishes that at approximately 3:00 a.m. on March 18, 2005, the officers observed the defendant and Lutcher approach each other while nervously looking around. The officers observed Lutcher hand the defendant currency in exchange for what appeared to be a green cigarette box. In light of their experience, both officers believed that they had just witnessed a drug transaction. Therefore, at that time, the officers had reasonable cause to conduct an investigatory stop. More importantly, Lutcher discarded the cigarette pack while the officers were driving up the street. Though the officers were planning to make an investigatory stop, they had not yet done anything to signal that intent when they saw one man drop the cigarette pack (containing cocaine) and both men walk away in opposite directions.
IfiWhen property is abandoned before any unlawful intrusion into a citizen’s right of freedom from governmental interference, it may be lawfully seized by the police. State v. Belton, 441 So.2d 1195, 1199 (La.1983). At the time the cigarette pack was discarded, the officers had not *1188 intruded on either man’s right to be free from governmental interference. Accordingly, we conclude that Officer Booth lawfully seized the cigarette pack abandoned by Lutcher, and the trial court properly denied the motion to suppress the evidence.

ASSIGNMENT OF ERROR NUMBER TWO

By this assignment, the appellant asserts there is no evidence in the record showing that the trial judge addressed him regarding his waiver of a jury trial. However, after the appellant’s brief was filed, this court ordered the court reporter to file a complete transcript, including the jury waiver, or certify on the record that no colloquy had occurred. On July 8, 2011, the court reporter filed a transcript from September 11, 2007, which contains the defendant’s waiver of his right to be tried by jury.
A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive his right to trial by jury and elect to be tried by the judge. La.C.Cr.P. art. 780(A); State v. Lee, 2001-2082, p. 4 (La.App. 4 Cir. 8/21/02), 826 So.2d 616, 622. The waiver must be express and is never presumed. State v. Santee, 2002-0698, p. 3 (La.App. 4 Cir. 12/4/02), 834 So.2d 533, 534. A waiver of the right to trial by jury is valid only if the defendant acted knowingly and voluntarily. State v. Kahey, 436 So.2d 475, 486 (La.1983); Santee, supra. However, while the trial judge must determine if the defendant’s |7jury trial waiver is knowing and intelligent, that determination does not require a Boykin-like colloquy.[3] Santee, supra, at 834 So.2d at 535.
The transcript of September 11, 2007 reflects that the defendant was in court when the State informed the judge that it had been advised by defense counsel that the defendant’s trial would be a judge trial. The court then asked defense counsel whether it was correct that his client had chosen a judge trial, and counsel replied in the affirmative.
This court has considered what constitutes a knowing and intelligent waiver of the right to trial by jury in several cases and has made it clear that the preferred practice for obtaining a valid waiver of a defendant’s right to trial by jury is “for the trial judge to advise the defendant personally on the record of his right to trial by jury and require the defendant to waive the right personally either in writing or by oral statement in open court on the record.” State v. Richardson, 575 So.2d 421, 424 (La.App. 4 Cir.1991). See also State v. Wolfe, 98-0345, p. 6 (La.App. 4 Cir. 4/21/99), 738 So.2d 1093, 1097, and State v. Abbott, 92-2731 (La.App. 4 Cir. 2/25/94), 634 So.2d 911, 913. However, this court has also found that a knowing and intelligent waiver of a defendant’s right to a jury trial can be made even if the preferred practice of obtaining such a waiver is not followed. See State v. Santee, 2002-0693 (La.App. 4 Cir. 12/04/02), 834 So.2d 533, where this court reiterated that “the Louisiana Supreme Court has refused to mandate this method as an absolute rule.” Id. at p. 3, 834 So.2d at 535. Moreover, in both Santee and Wolfe, this court held that the defendant’s failure to object when his counsel | informed the court that a judge trial had been chosen is to be construed against the defendant in determining the validity of the waiver made while he was present in court.
In State v. Bryant, 2006-1154, p. 7 (La.App. 4 Cir. 1/10/07), 950 So.2d 37, 41, this court noted that both the Supreme Court and this court have rejected an absolute *1189 rule that would require the trial judge to personally inform a defendant of his right to a jury trial. The Bryant court found the defendant’s waiver of a jury trial to be valid where the trial court had specifically noted that defense counsel had advised it that a judge trial was defendant’s choice, and then the court had asked counsel on the record to confirm whether that was correct.
As in the cases cited above, Mr. Den-son’s counsel affirmed that Mr. Denson had chosen a judge trial. Moreover, Mr. Denson did not object either on September 11th or on the day of trial when the trial judge stated that it would be a judge trial. Also, the docket master entry dated March 14, 2007 reflects that the district court had informed the defendant at his arraignment of his right to a jury trial. Therefore, we conclude that the appellant’s waiver of a jury trial was valid.

ASSIGNMENT OF ERROR NUMBER THREE

By this assignment, the appellant cites three reasons why the district court erred in adjudicating him a multiple offender. First, he urges that the State violated the law by using two convictions entered on the same day in the multiple bill of information. The transcript of the multiple bill hearing fails to show that an objection was lodged, and no motion to reconsider the sentence was filed by counsel. Absent the filing of a timely written motion for reconsideration of sentence or the making of an oral objection at the sentencing hearing, a defendant |flis precluded from urging on appeal any ground of objection to the sentence. See La. C.Cr.P. art. 881.1(E). Thus, this claim has not been preserved for review.
Appellant next argues that the district court mistakenly informed him of the sentencing range for a triple offender and that his counsel was incompetent for failing to correct the court as to the sentencing range. He urges that this misinformation given to him by the court contributed to his decision to go forward with the multiple bill hearing.
Finally, appellant argues that it was an abuse of the district attorney’s discretion to multiple bill a drug addict based solely on drug offenses. He urges that the State’s decision to multiple bill him violated the constitutional prohibition against cruel and unusual punishment, and that his counsel should have objected. Because the appellant has couched his second and third arguments in language that accuses his counsel of being ineffective, these two claims will be considered from that perspective.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post-conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729, 737 (La.1984); State v. Johnson, 557 So.2d 1030, 1033 (La.App. 4th Cir.1990). However, in the instant case the record contains sufficient evidence for this court to rule on the merits of these claims, which may be reviewed on appeal. See State v. Seiss, 428 So.2d 444, 449 (La.1983); State v. Landry, 499 So.2d 1320, 1324 (La.App. 4 Cir.1986).
In order to succeed on his ineffective assistance of counsel claim, appellant must show that counsel’s performance was deficient and that the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The record reflects that two separate multiple bills of information were filed by the State. The first multiple bill was filed on October 18, 2007 after the defendant was originally sentenced. Subsequently, an amended multiple bill of information was filed which alleged that the defendant had two prior convictions for *1190 possession of cocaine in 1996 and 2003 (cases 382-191 and 433-139), and a prior conviction for possession of heroin and possession of marijuana in 2003 (case 433-574). At the multiple bill hearing, the State was unable to prove the defendant’s identity in case number 382-191. Therefore, he was adjudicated a third felony offender rather than a fourth felony offender.
Nevertheless, the appellant urges that he was induced to proceed with the multiple bill hearing on August 1, 2008, because the district court misled him as to the sentencing range for a third felony offender.
The bill of information shows that the defendant was alleged to have distributed cocaine on March 18, 2005.[4] In 2005, La. R.S. 15:529.1(A) provided that if the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then the person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction. The maximum sentence for distribution is thirty years; therefore, the appellant herein faced a sentencing range of between twenty and sixty years as a third felony offender.
The transcript of the multiple bill hearing reflects that as a third felony offender, the district court informed the defendant that the sentencing range was Infrom twenty years to life, and that it intended to sentence him to twenty years. Although the court misinformed the defendant by telling him he could receive a life sentence, it correctly informed him that twenty years was the minimum sentence he faced, which turned out to be the sentence he received. Moreover, the record suggests a likelihood that the defendant was induced to proceed when it became apparent that the State would not be able to prove his status as a fourth felony offender because it would be unable to prove his identity in case number 382-191. The record reflects that the court at that point cautioned the defendant that if he chose to continue the hearing to another day, the State would probably find the necessary paperwork to prove his status as a fourth felony offender. The court then informed the defendant that, in that event, he would be facing a minimum sentence of thirty years. It was then that Mr. Denson chose to proceed with the hearing. Under these circumstances, the appellant has not demonstrated that he was induced into proceeding with the multiple bill hearing by misinformation provided by the trial court; nor has he demonstrated that his counsel was constitutionally ineffective.
Finally, the appellant argues that it was an abuse of the district attorney’s discretion to multiple bill him based solely on drug offenses because he is a drug addict. He urges that La. R.S. 15:529.1 as applied to recidivists whose predicate offenses were the direct result of drug addiction violates the constitutional ban on cruel and unusual punishment, citing Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).
In Robinson, the defendant was convicted of violating a statute that made it a criminal offense to be addicted to the use of narcotics. The Court acknowledged that a state has the broad power to regulate narcotic traffic within its borders, [^including imposing criminal sanctions against the unauthorized manufacture, *1191 prescription, sale, purchase, or possession of narcotics. However, after noting that addiction is an illness, the Court held that a state law such as the one in California which imprisons a person thus afflicted as a criminal, even though he has never touched any narcotic drug within the state or been guilty of any irregular behavior there, inflicts a cruel and unusual punishment in violation of the Fourteenth Amendment.
Unlike in Robinson, the appellant herein was not punished for his status as a drug addict. He was punished for distributing cocaine and having prior convictions for possession of cocaine, second offender marijuana possession, and possession of heroin. The Louisiana Supreme Court has repeatedly held that La. R.S. 15:529.1 is not unconstitutional on its face. See State v. Dorthey, 623 So.2d 1276, 1279 (La.1993). Moreover, the minimum sentences imposed by the statute are presumed not to be excessive. State v. Young, 94-1636, p. 5 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 527. Thus, we conclude that the State did not abuse its broad discretion by filing a multiple bill against the appellant, and that appellant’s counsel should not be deemed ineffective for failing to object to the filing of the multiple bill.

CONCLUSION

For the reasons stated, we affirm the appellant’s conviction and sentence.
AFFIRMED

. The minute entry of the arraignment is not in the record.

. Though the minute entry of trial shows that the district court found appellant guilty of possession with intent to distribute cocaine, the trial transcript reflects that it found him guilty of distribution.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. A defendant is to be tried under the statute in effect at the time of the commission of the crime. State v. Barris, 533 So.2d 89, 90 (La.App. 4 Cir.1988).