DANIEL L. DYSART, Judge.
| defendant, Byron Keller, appeals his conviction of distribution of cocaine and his sentence as a multiple offender. His sole request is that this Court conduct a review of the record for errors patent. Finding none which merit a reversal, we affirm defendant’s conviction and sentence.
PROCEDURAL BACKGROUND
Defendant was charged by bill of information filed on March 11, 2005, with distribution of cocaine and possession of cocaine, violations of La. R.S. 40:967. After failing to appear for his arraignment, a capias was issued for his arrest. An attorney then appeared for him in May, 2006. After a motion hearing, the trial court found probable cause and denied defendant’s motion to suppress. Defendant thereafter failed to appear for trial and a capias was again issued for his arrest.
Five years went by and defendant was arrested. After his counsel filed motions duplicative of those heard in 2006, on which the trial court had already ruled, defendant proceeded to a trial by jury as to the distribution of cocaine charge. On August 23, 2011, a twelve member jury returned a verdict of guilty as charged. Defendant was sentenced to serve seven years at hard labor. A multiple offender hearing was held on November 4, 2011, at which time, defendant was |2found to be a second offender. His sentence was vacated and defendant was resentenced to serve fifteen years at hard labor, pursuant to La. R.S. 15:529.1. Defendant timely filed this appeal.
FACTUAL BACKGROUND
On December 28, 2004, then-New Orleans Police Officer Gregory Gavins was conducting undercover operations, driving an unmarked car, dressed in plain clothes and carrying currency intended to be used in making drug purchases (which currency had previously been photographed). In the area of Laharpe St. and N. Galvez St., in New Orleans, Officer Gavins made contact with defendant, from whom he pur *698 chased what appeared to be crack cocaine.[1] Officer Gavins then left the scene and by radio, relayed information about the transaction to back-up police officers. The vehicle in which defendant had been riding (and which had been identified by Officer Gavins by its license plate) was stopped and defendant was arrested, along with two females, one of whom was found to be in possession of the currency Officer Gav-ins had given to defendant in exchange for the cocaine.
The transaction between Officer Gavins and defendant was captured on video and was played to the jury.
DISCUSSION
As noted, by his sole assignment of error, Byron Keller requests a review of the record for errors patent. His counsel complied with the procedures outlined by
Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Likewise, his counsel filed a brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. The detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record by defendant’s counsel who moved to withdraw because she believed, after a conscientious review of the record, that there is no non-frivolous issue for appeal. She reviewed the record and found no trial court ruling that arguably supports the appeal. A copy of counsel’s brief was forwarded to defendant, and this Court informed him that he had the right to file a brief in his own behalf. He has not done so. Thus, this Court’s review is limited to errors on the face of the record. La.C.Cr.P. art. 920.
As per Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, and the bill of information in the appeal record. Defendant was properly charged by bill of information with distribution of cocaine in violation of La. R.S. 40:967(A); the bill of information was signed by an assistant district attorney. Defendant was present and represented by counsel during trial and at sentencing. The jury’s verdict is legal in all respects.
Furthermore, a review of the trial transcript shows that the State provided sufficient evidence to prove beyond a reasonable doubt that defendant was guilty of distribution of cocaine. There are no errors in the multiple bill of information, and the State met its burden of proving that defendant is a second offender as charged. While a review of the record reveals two patent errors, neither requires reversal of the appellant’s conviction or sentence.
First, a review of the record for patent errors reveals that the trial court failed to order that the appellant’s sentence be served without the benefit of parole, as mandated by La. R.S. 40:967(B)(4)(b), which provides that the sentence for distribution of cocaine is two to thirty years at hard labor, the first two years of which must be served without benefit of parole, probation, or suspension of Rsentence. Thus, the sentence is illegally lenient. However, as per La. R.S. 15:301.1(A) and State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790, the sentence is deemed to have been imposed with these restrictions of benefits, even with the trial court’s failure to delineate them. Accordingly, there is no need for this court to correct the sentence. See, State v. Kennedy, 2010-1606 (La.App. 4 Cir. 8/10/11), 73 *699 So.3d 985; State v. Phillips, 2003-0304 (La.App. 4 Cir. 7/23/03), 853 So.2d 675. See also, State v. Denson, 2011-0517, p. 4 (La.App. 4 Cir. 1/25/12), 83 So.3d 1183, 1187 writ denied, 2012-391 (La.6/22/12), 91 So.3d 967 (“La. R.S. 15:301.1(A) self-activates the correction of this error and eliminates the need to remand for a ministerial correction of the sentence”).
Secondly, there is no minute entry or docket master entry indicating that the appellant was ever arraigned. However, La. C.CrJP. art. 555 provides that a failure to arraign the defendant or the fact that he did not plead is waived if the defendant enters upon trial without objecting thereto, and he is presumed to have pleaded not guilty. Because the record shows defendant made no objection as to his not being arraigned prior to trial, he is presumed to have pleaded not guilty, and no action is required by this Court. Denson, supra, at p. 3, 83 So.3d at 1186.
For the foregoing reasons, we affirm defendant’s conviction and sentence.
AFFIRMED

. At trial, Captain Harry O'Neal, a thirty year employee of the New Orleans Police Department who spent twenty-one years analyzing drugs for the crime lab, testified at trial that the substance was, indeed, cocaine.