DENNIS R. BAGNERIS, SR., Judge.
11 Shante Whitley seeks reversal of her sentence and conviction. Whitley was charged with La. R.S. 14:34, aggravated battery. Whitley was found guilty and sentenced to time served. Whitley now challenges the validity of the waiver of the right to a jury trial and the constitutionality of the irrevocability of the waiver under La. Const. Art. 1, Sec. 17(A).[1] For the following reasons, we hereby affirm the judgment of the trial court.
*802 FACTS
Although the facts of the case are not relevant to the assignments of error, we will briefly review them. Whitley was charged with aggravated battery on August 31, 2011. Whitley was arraigned on September 16, 2011 and entered a not guilty plea. On March 15, 2012, the trial court denied Whitley’s motion to suppress evidence and found no probable cause. Whitley subsequently waived her right to a jury trial. The trial court personally addressed Whitley regarding her waiver and advised her of her right to be tried by a jury. Whitley acknowledged discussing her decision with her attorney and elected to be tried by the court.
|gOn October 23, 2012, Whitley moved to reinstate a jury trial, and the matter was set for November 15, 2012. Subsequently, Judge Davis announced that she would be leaving the bench, and Whitley filed a motion to reinstate a jury trial. The matter was heard on November 15, 2012, by Judge Winsberg, who was serving pro tempore at the time. He granted Whitley’s motion. The State noted its intent to seek supervisory review, and on March 11, 2013, this Court granted the State’s writ in 2012-K-1711 and reversed the trial court. The Supreme Court denied Whitley’s application for writs. State v. Whitley, 2013-0779 (La.5/24/13), 117 So.3d 102. Ultimately, on December 2, 2013, the trial judge found Whitley guilty as charged. Whitley now appeals this final judgment.
A review of the record reveals that there are no errors patent.

DISCUSSION

Whitley claims that the record does not reflect that she made a knowing and valid waiver of her right to trial by jury and that her constitutional rights were violated. We find no merit to these assignments of error.
Both the United States Constitution and the Louisiana Constitution guarantee an accused the right to a jury trial. U.S. Const. amend. VI; La. Const. art. I § 17. If the punishment that may be imposed on a defendant exceeds six months confinement, the Louisiana Constitution provides that the defendant shall be tried by a jury. However, in non-capital cases, “a defendant may knowingly and intelligently waive his right to a trial by jury.” La. Const. art. I § 17. La.C.Cr.P. art. 780 provides, in relevant part:
A. A defendant charged with an offense , other than one punishable by death may knowingly and intelligently | owaive a trial by jury and elect to be tried by the judge. At the time of arraignment, the defendant in such cases shall be informed by the court of his right to waive trial by jury.
B. The defendant shall exercise his right to waive trial by jury in accordance with the time limits set forth in Article 521. However, with permission of the court, he may exercise his right to waive trial by jury at any time prior to commencement of trial.
The waiver of the right to a jury trial cannot be presumed. State v. McCarroll, 337 So.2d 475, 480 (La.1976); State v. Santee, 2002-0693, p. 3 (La.App. 4 Cir. 12/4/02), 834 So.2d 533, 534. A waiver of the right to trial by jury is valid only if the defendant acted knowingly and voluntarily. State v. Kahey, 436 So.2d 475, 486 (La.1983); Santee, 2002-0693, p. 3, 834 So.2d at 534. However, while the trial judge must determine if the defendant’s jury trial waiver is knowing and intelligent, that determination does not require a Boykin-like colloquy. Santee, 2002-0693, p. 3, 834 So.2d at 535.
The Louisiana Supreme Court and the Fourth Circuit have recognized that while the preferred method would be for *803 the trial court to advise a defendant of his right to trial by jury in open court before obtaining a waiver, such a practice is not statutorily required. State v. Pierre, 2002-2665, p. 1 (La.3/28/03), 842 So.2d 321, 322; State v. Richardson, 575 So.2d 421, 424 (La.App. 4 Cir. 1/31/91). Likewise, it is preferred, but not necessary; for the defendant to waive her right to jury trial personally. Pierre, 2002-2665, p. 1, 842 So.2d at 322; State v. Wolfe, 98-0345, pp. 6-7 (La.App. 4 Cir. 4/21/99), 738 So.2d 1093, 1097. Courts have found that a knowing and intelligent waiver of a defendant’s right to a jury trial can be made even if the preferred practice of obtaining such a waiver is not followed. Kahey, 436 So.2d at 486; State v. Denson, 2011-0517, p. 7 (La.App. 4 Cir. 1/25/12), 83 So.3d 1183, 1188-1189, writ denied, 2012-0391 (La.6/22/12), 91 So.3d 967; State v. Bryant, 2006-1154, p. 7 (La.App. 4 Cir. 1/10/07), 950 So.2d 37, 41 (noting that both the Supreme Court and this Court have rejected an absolute rule that would require the trial judge to personally inform a defendant of his right to a jury trial).
The Louisiana Supreme Court in State v. Phillips, 365 So.2d 1304, 1309 (La.1978), permitted a waiver to be made by defense counsel where the defendant was present in court and failed to object when defense counsel made the waiver. Similarly, this Court in both Santee, 2002-0693, p. 4, 834 So.2d at 534-35, and Wolfe, 98-0345, 738 So.2d at 1097-1098, held that the defendant’s failure to object when his counsel informed the court that a judge trial had been chosen is to be construed against the defendant in determining the validity of the waiver made while he was present in court. See, State v. Peters, 2010-0326, p. 9 (La.App. 4 Cir. 2/16/11), 60 So.3d 672, 678 writ denied, 2011-0494 (La.9/30/11), 71 So.3d 279.
Whitley provides this Court with a recap of her initial dialogue with Judge Davis wherein Judge Davis suggests that guilty, or not guilty, Judge Davis would “call it like she sees it”, thus giving Whitley the impression that Judge Davis would be presiding over the case. Also, according to Whitley she was never informed that she was unable to revoke her waiver. Whitley further argues that she was not informed about the differences between judge and jury trials. Whitley concedes that she was left with the impression that Judge Davis would be hearing her case, and that considering she had never been prosecuted prior to this incident, she had a lack of experience in knowing her fundamental rights and that the trial court failed to take her unique circumstances under consideration once she determined that she wanted to be tried by a jury.
|fiThe State asserts that Whitley knowingly waived her right to a jury trial and that her attempt to motion the trial court for a judge trial was strategic. The State relies on State v. Bazile, 2012-2243 (La.5/7/13), 144 So.3d 719, wherein the Supreme Court reversed the trial court’s ruling granting the defendant’s motion to declare a constitutional amendment unconstitutional when the defendant waived his right to a jury trial less than forty-five days prior to trial. The trial court then continued the trial to a later date in favor of the defendant. Although the main issue in Bazile was the constitutionality of the amendment in light of time delays when waiving a jury trial, the Court did touch on the issue of what a defendant needs to know when waiving a jury trial. It stated:
We hold a criminal defendant’s waiver of his right to trial by jury is knowing and intelligent when he demonstrates his understanding that he will proceed to trial before a judge upon that waiver. Infor *804 mation about the composition of the jury-pool and any outstanding discovery, although of some strategic value, does not provide the defendant with any greater understanding of the constitutional right at stake. Consequently, we find the reasons asserted by Bazile for his failure to timely waive his right to trial by jury bear no relevance to the determination whether his jury trial waiver was knowing and intelligent.
Bazile, 2012-2243, p. 11, 144 So.3d at 734.
Despite Whitley’s suggestion that Judge Davis and no one else would be deciding the case, Whitley fails to present any jurisprudence tending to suggest that this would affect the validity of her waiver. Although issued in another context, the Court’s comments in State v. Cooper, 2010-2344 (La.11/16/10), 50 So.3d 115, are relevant here:
While the one judge/one case arrangement might be a laudable goal of a case allotment system, that circumstance has never been a requirement of random allotment. We recognize the impracticality of such a requirement — judges get sick, take vacation, have conflicts within their own dockets, resign, or are elected to a different bench. All of these circumstances often result in a case being assigned to |fianother judge for adjudication. The fact that more than one judge handles aspects of any one criminal case does not, in and of itself, prejudice the criminal defendant. As will be discussed further in the analysis of the defendant’s due process argument, a criminal defendant does not have a right to have his case heard by a particular judge.
Id., pp. 15-16, 50 So.3d at 127-28 (footnotes omitted).
Further, although Whitley contends that her waiver was not an intelligent waiver because she was not informed that her decision to waive was irrevocable, the Louisiana Supreme Court’s decisions on the issue following Section 17(A)’s amendment do not suggest that a defendant must be informed that the decision to waive a jury trial is irrevocable.
Accordingly, we hereby affirm Shante Whitley’s conviction and sentence.
AFFIRMED.

. La. Const. Art. 1, Sec. 17(A) states that "[e]xcept in capital cases, a defendant may knowingly and intelligently waive his right to a jury by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.” Art. 1, Sec. 17 was amended by Acts 2010, No. 1053, Sec. 1, and approved November 2, 2010.