TERRI F. LOVE, Judge.
| ^Defendant Greenville Mahogany (“Mr.Mahogany”) and his co-defendants were charged with the December 19, 2011 attempted second degree murder of Win-field Brazile (“Mr. Brazile”). Mr. Mahogany was also charged with one count of discharging of a firearm during a violent crime.[1] A bench trial was held, and Mr. Mahogany was found guilty on both counts. Mr. Mahogany appeals his convictions and sentences and assigns as error: (1) the absence of evidence of his knowing and voluntary waiver of his right to a jury trial; (2) the convictions violated the prohibition against double jeopardy; (3) the evidence is insufficient to support his convictions; and, (4) the sentences imposed are unconstitutionally excessive.
We find there is no evidence in the record demonstrating that Mr. Mahogany knowingly and voluntarily waived his right to a jury trial. Therefore, we remand the matter for an evidentiary hearing to determine whether Mr. Mahogany knowingly and voluntarily waived his right to a jury trial. If either party wishes to raise any issues as a result of the evidentiary hearing and trial court’s ruling, the parties may do so. In that this matter is remanded for an evidentiary hearing on the Lwaiver issue, we pretermit discussion of Mr. Mahogany’s remaining assignments of error; however, Mr. Mahogany’s right to appeal his convictions and sentences are preserved.

PROCEDURAL HISTORY

On May 17, 2012, the State charged Mr. Mahogany and two co-defendants with the *617 December 19, 2011 attempted second degree murder of Mr. Brazile, in violation of La. R.S. 14:27(30.1), Mr. Mahogany was also charged with discharging a firearm during a violent crime, in violation of La. R.S. 14:94(F). On May 25, 2012, Mr. Mahogany pled not guilty and was informed of his right to trial by judge or jury. Following the trial court’s finding of no probable cause, Mr. Mahogany appeared with counsel in court on February 21, 2014 and proceeded to a bench trial. On the same date, the trial judge found Mr. Mahogany guilty on both counts. Thereafter, the trial court sentenced Mr. Mahogany for violation of La. R.S. 14:27(30)1) to twenty years hard labor, without benefit of parole, probation, or suspension of sentence and with credit for time served. For violation of La. R.S. 14:94(F) the trial court sentenced Mr. Mahogany to ten years hard labor, without the benefit of parole, probation, or suspension of sentence, with credit for time served. The trial court also ordered that the sentences imposed be served concurrently.
The State later filed a multiple bill of information against Mr. Mahogany. In response, he filed a motion to quash the multiple bill. In February 2015, Mr. Mahogany filed a notice of appeal and subsequently filed an amended motion for | ^appeal; which the trial court granted. Mr. Mahogany did not file a post-trial motion for new trial or motion for post-verdict judgment of acquittal until September 9, 2015, when he sought the trial court’s permission to file them as out of time motions. The trial court granted Mr. Mahogany’s request to file his post-trial motions out of time; however, both motions were later denied. Mr. Mahogany also filed a motion for reconsideration of sentence, which was not heard until September 9, 2015 and denied that day.[2]
ERRORS PATENT[3]
The record reveals two errors patent. First, Mr.'Mahogany was sentenced on June 3,2014, and on September 9, 2015, the trial court permitted Mr. Mahogany to file out of time motions for new trial and post-verdict judgment of acquittal. Both motions were denied that same day. La. C.Cr.P. arts. 853 and 821, mandate that those motions be ruled on prior to sentencing. Generally; where the trial court has not ruled on the motions prior to sentencing it' is an error patent; requiring the sentence be vacated and the matter remanded for re-sentencing. See State v. Melancon, 01-1656, p. 3 (La.App. 4 Cir. 8/21/02), 826 So.2d 633, 636; State v. Allen, 99-2358, p. 4 (La.App. 4 Cir. 3/21/01), 788 So.2d 62, 65; State v. Powell, 00-0484, p. 3 (La.App. 4 Cir. 1/24/01), 779 So.2d 67, 70.
. Nevertheless, Mr. Mahogany avers in his first assignment of error that the trial court erred when it allowed a bench trial in this matter without requiring a [¿written motion, conducting a colloquy, or determining whether there was a valid waiver of the right to a jury trial on the record. We agree, finding the error requires the case be remanded for an eviden-tiary hearing. Therefore, we pretermit discussion of the posb-.trial motion error patent, and turn our attention to the jury trial waiver issue.
Both the United States Constitution and the Louisiana Constitution guarantee an accused the right to a jury trial. U.S. *618 Const. Amend. VI; La. Const, art. I, § 17. If the punishment that may be imposed on a defendant exceeds six months confinement, the Louisiana Constitution provides that the defendant shall be tried by a jury; however, in non-capital cases “a defendant may knowingly and intelligently waive his right to a trial by jury.” La. Const, art. I, § 17(A); State v. Biddy, 13-0356, p. 20 (La.App. 4 Cir. 11/20/13), 129 So.3d 768, 780.
The waiver of the right to a jury trial cannot be presumed. State v. McCarroll, 337 So.2d 475, 480 (La.1976); State v. Santee, 02-0693, p. 3 , (La.App. 4 Cir. 12/4/02), 834 So.2d 533, 534. A waiver of the right to .trial by jury is valid only if the defendant acted knowingly and voluntarily. State v. Kahey, 436 So.2d 475, 486 (La.1983); Santee, 02-0693,. p.-3, 834 So.2d at 534. Although the trial judge must determine. if the defendant’s.jury trial waiver is knowing and vQluntary, the “determination does not require a Boykin-like colloquy.” Santee, 02-0693, p. 3, 834 So.2d at 535.
Prior to its June 2013 revision, La. C.Cr.Pl art; 780, which provides the method for waiving the right to jury trial,' read:
15A. A defendant charged with an offense other than one punishable by death may knowingly and intelligently waive a trial by jury and elect to be tried by the judge. At the time of arraignment, the-defendant in such cases shall be informed by the court of his right to waive "trial by jury.
B. The defendant shall exercise his right to waive trial by jury in accordance with the time limits set forth in Article 521. However, with permission of the court, he may exercise his .right to waive trial by jury at any time prior to the commencement of trial.
C. The defendant may withdraw a waiver of trial by jury unless the court finds that withdrawal of the waiver would result in interference with the administration of justice, unnecessary delay, unnecessary inconvenience to witnesses, or prejudice to the state.
In State v. Edwards, this Court recognized:
Whether a. criminal defendant waives her right to. trial by. jury in an intelligent, competent,, self-protecting manner necéssarily depends upon the circumstances; unique to each case. See Adams v. United States ex rel. McCann, 317 U.S. 269, 277-278, 63 S.Ct. 236, 87 L.Ed. 268 (1942). A defendant need only know and understand that the choice confronting.her is, “on the one hand, to be judged .by a group of people from the community, and on the other hand, to have her guilt or innocence determined by a judge.” State v. Bazile, 2012-2243, p. 17. (La.5/7/13), 144 So.3d 719. If a defendant understands that choice, her jury waiver is deemed knowing and intelligent. See id., 12-2243 at p. 17, 144 So.3d at 733. No greater proof of knowing and intelligent waiver is constitutionally or jurispruden-tially required. See State v. Johnson, 389 So.2d 1302, 1304-1305 (La.1980). Additionally, in reviewing a defendant’s claim that her waiver of trial by jury was not knowing or intelligent, we do not consider the strategic considerations, motivations, or benefits underlying a, defendant's waiver, but instead restrict ourselves solely to the issue of her knowledge. See Bazile, 2012-2243 at p. 18, 144 So.3d at 733.
The preferred procedure for a trial judge to ascertain whether a defendant wishes to waive her right to trial by jury is for the trial judge to advise the defendant personally on the record about the intended waiver and to require the defendant to waive the right in writing or verbally in open court on the record. *619 See State v. Bryant, 2006-1154, p. 7 (La.App. 4 Cir. 1/10/07), 950 So.2d 37, 40; State v. Richardson, 575 So.2d 421, 424 (La.App. 4 Cir.1991); State v. Wolfe, 98-0345, p. 6 (La.App. 4 .Cir. 4/21/99), 738 So.2d 1093, 1097; State v. Abbott, 92-2731 (La.App. 4 Cir. 2/25/94), 634 So.2d 911, 913. IVhen, as in this case, the. trial judge does not follow this preferred procedure, we may nevertheless conduct a de novo review of the record to ascertain whether the defendant was advised of her right, to trial by jury, whether the defendant, -was present when her counsel elected trial by judge, and, if. she was present, whether she voiced any | (¡objection to the election. See State v. Santee, 2002-0693, p. 3 (La.App. 4 Cir. 12/04/02), 834 So.2d 533, 535; State v. Denson, 2011-0517, pp. 7-8 (La.App. 4 Cir. 1/25/12), 83 So.3d 1183, 1188-1189.
Id., 13-0665, p. 4 (La.App. 4 Cir. 1/22/14), 133 So.3d 132, 135 (writ den.), 14-0383 (La.9/26/14), 149 So.3d 259.
The record indicates that Mr. Mahogany, accompanied by counsel, was arraigned on May 25, 2012. The docket master indicates the trial court advised Mr. Mahogany of his right to either a bench or jury trial. There is no indication Mr. Mahogany made a selection at that time.
On April 9, 2013, the record reflects that defense counsel checked into trial court that morning, but when this matter was called, counsel was not present. Counsel for Mr. Mahogany’s co-defendant, advised the trial court that he would stand in for Mr. Mahogany’s defense counsel. After a trial date was set, the State informed the trial court: “I believe they elected a judge trial — this will be a judge trial that .day.” Neither stand-in counsel nor Mr. Mahogany voiced an objection to the State’s assertion regarding a judge trial.
On April 26, 2013, at the hearing of an off-docket matter, at which Mr. Mahogany was not present, once again the State advised the trial court that Mr. Mahogany chose a judge trial. Defense counsel replied: “That is correct.”
The State cites State v.. Spurlock, 13-0068, p. 2 (La.App. 4 Cir. 11/20/13); 129 So.3d 804, 806, in which a written waiver was filed by counsel, but there was no indication from the face of the record that the defendant himself was advised of and knowingly waived his right to a jury trial. Conséquently, this Court remanded' the matter for an evidentiary hearing, after which the trial court determined that the defendant did not knowingly waive his right to a jury trial. However, the |7Louisiana Supreme Court granted the State’s writ and reversed the trial court’s finding. The Louisiana Supreme Court held:
In these proceedings, the defendant was aware prior to the instant criminal charges of his due process entitlements as they related tó a choice to have his guilt or innocence determined by a judge or a jury of his peers. Among other criminal matters, the defendant has past experience as an accused in the trial of a criminal prosecution where he was found guilty by a jury'. See State v. Spurlock, 539 So.2d 977 (La.App. 4 Cir.1989). In the instant case, the trial record and defense counsel’s hearing testimony, which was not found to lack credibility, reflect defense counsel, after consulting with the defendant, waived the defendant’s right to a jury trial in open court in the presence of the defendant. Weeks later, the defendant proceeded to a bench trial without raising an objection to the absence of a jury. .Under the given facts, the defendant’s waiver of a jury trial was knowing and intelligent.
*620 State v. Spurlock, 15-1173, p. 1 (La.9/25/15), 175 So.3d 955, 955-56.
In Spurlock, 13-0068, p. 2, 129 So.3d at 806, a minute entry reflected that the defendant’s counsel filed a “Waiver of Jury Trial and Request for Judge Trial.” This Court noted that there was no indication that the defendant was informed of what the filing entailed and whether he knowingly and intelligently waived his right to a jury trial. Id., 13-0068, p. 4, 129 So.3d at 807. This Court noted that the defendant was present in court when defense counsel filed the purported waiver, and the defendant did not object. However, there was no transcript of the defendant “specifically acknowledging waiver of a jury trial.” Id., 13-0068, p. 3, 129 So.3d at 806.
In this case, while it is evident from the record that Mr. Mahogany was advised of his right to choose between a judge or jury trial, there is no indication in the record that he waived his right to a jury trial verbally in court or in writing, or, unlike Spurlock, that he was present when his defense counsel made the election of a judge trial on his behalf. Nor is there any indication from the record that Mr. | ¡(Mahogany knew the waiver of a jury trial was made. In short, there is insufficient proof to conclude that Mr. Mahogany knowingly and intelligently waived his right to a trial by jury. See also State v. Moirana, 14-0362 (La.App. 4 Cir. 12/17/14), 156 So.3d 1214. Accordingly, we find merit to Mr. Mahogany’s assignment of error. The matter is remanded for an evidentiary hearing to determine whether Mr. Mahogany knowingly and intelligently waived his right to trial by jury. State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963. Mr. Mahogany’s other assignments of error are preserved for future appellate review.

DECREE

Considering there is no evidence in the record demonstrating that Mr. Mahogany knowingly and voluntarily waived his right to a jury trial, we find Mr. Mahogany’s waiver cannot be presumed. Therefore, we remand the matter to the trial court for an evidentiary hearing to' "determine whether Mr. Mahogany knowingly and voluntarily waived his right to a jury trial. If either party wishes to raise any issues arising from the evidentiary hearing and the trial court’s ruling, the parties may do so. In that this matter is remanded for an evidentiary hearing, we pretermit discussion of Mr. Mahogany’s remaining assignments of error. Mr. Mahogany’s right to appeal his convictions and’ sentences are preserved.
REMANDED

. This appeal pertains to Mr. Mahogany only.

. The multiple bill hearing was held after the record in this Court was lodged.

. In light of our finding that errors patent exist on the record, one of which requires remand, recitation of the- factual background of this case is not necessaiy to this Court’s appellate review.