JUDGE SANDRA CABRINA JENKINS
hOn May 17, 2012, defendant Rayne Williams was charged by bill of information with one count of attempted second degree murder. On January 24, 2013, the State amended the bill to also charge Williams with one count of discharging a firearm during a crime of violence. A bench trial was held, and Williams was found guilty of attempted murder only. Williams was sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence, with credit for time served. Williams appeals his conviction and sentence and assigns as error: (1) the absence of evidence of his knowing and voluntary waiver of his right to a jury trial; and (2) the evidence is insufficient to support his conviction.
We find there is no evidence in the record showing that Williams knowingly and voluntarily waived his right to a jury trial. Accordingly, we remand this matter for an evidentiary hearing to determine whether Williams knowingly and voluntarily waived this right. If either party wishes to raise any issues as a result of the evi-dentiary hearing and the trial court’s rul *1126 ing, the parties may do so. Because |?this matter is remanded for an evidentiary hearing on the jury waiver issue, we pre-termit discussion of Williams’s remaining assignment of error. Williams’s right to appeal his conviction and sentence are preserved.
PROCEDURAL BACKGROUND[1]
On May 17, 2012, the State charged Williams and two co-defendants with'the December 19, 2011 attempted second degree murder of Winfield Brazile, in violation of La. R.S. 14:27(30.1). Williams was also charged with one count of discharging a firearm during a crime of violence, in violation of La. R.S. 14:98(F). On July 9, 2012, Williams entered into a plea of not guilty and was advised of his right to trial by judge or jury. After the trial court’s finding of no probable cause, Williams appeared with counsel in court on June 17, 2013 and proceeded to a bench trial. The bench trial recessed and resumed on February 21,2014; On that date, the trial court found Williams guilty of attempted second degree murder. On June 3, 2014, the trial court sentenced Williams to ten years at hard labor, without benefit of parole, probation, or suspension of sentence and with credit for time served. The State filed a multiple bill of information against Williams. On June 2, 2016, a motion for new trial was denied, and a motion for appeal was granted.
DISCUSSION
Williams asserts in his first assignment of error that the trial court erred when it allowed a bench trial in this matter without requiring a written motion, conducting a colloquy, or determining whether there was a valid waiver of the | «right to a jury-trial on the record. We agree, finding the error requires the case be remanded, for an evidentiary hearing. Accordingly, we' pretermit discussion, of the post-trial error patent, and turn our attention to the jury trial waiver issue.
Both the United States Constitution and the Louisiana Constitution guarantee an .accused the right to a jury trial. U.S. Const. Amend. VI; La. -Const, art. I, § 17. If the punishment that may be imposed on a defendant exceeds six months confinement, the Louisiana - Constitution provides that the defendant shall be tried by a jury. In non-capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury. La. Const. art. I, § 17(A); State v. Biddy, 13-0356, p. 20 (La. App. 4 Cir. 11/20/13), 129 So.3d 768, 780.
Williams was charged with attempted second degree murder, a non-capital felony. Consequently, he was entitled to a jury trial unless he knowingly and intelligently waived this right. .. .
The waiver of the right to a jury trial cannot be presumed. State v. McCarroll, 337 So.2d 475, 480 (La. 1976); State v. Santee, 02-0693, p. 3 (La. App. 4 Cir. 12/4/02), 834 So.2d 533, 534. A waiver of the right to trial by jury is valid only if the defendant acted knowingly and voluntarily. State v. Kahey, 436 So.2d 475, 486 (La. 1983); Santee, 02-0693, p. 3, 834 So.2d at 534.
The preferred procedure for a trial court to ascertain whether a defendant wishes to waive, the right to trial by jury is for the trial judge to advise the defendant personally on the record about the intended waiver and to require the defendant to waive the right in writing or verbally in open court on the record.. See State v. *1127 Bryant, 06-1154, p. 7 (La. App. 4 Cir. 1/10/07), 950 So.2d 37, 40; State v. Richardson, 575 So.2d 421, 424 (La. App. 4th Cir. 1991); State v. Denson, 11-0517, pp. 7-8 (La. App. 4 Cir. 1/25/12), 83 So.3d 1183, 1188-89.
When, as here, the trial court does not follow this preferred procedure, we may nevertheless conduct a de novo review of the record to ascertain whether the defendant was advised of the right to trial by jury, whether the defendant was present when counsel elected trial by judge, and, if defendant was present, whether the defendant voiced any objection to the election. See Santee, 02-0693, p. 3, 834 So.2d at 535; Denson, 11-0517, pp. 7-8, 83 So.3d at 1188-89.
. There is no written waiver of a jury trial in the record. Likewise, there is no colloquy between the trial court and Williams regarding waiving his right to a jury trial, nor is there an indication of when, where, or how the waivér of a jury trial occurred.
There are only three instances in the record where a bench trial is even mentioned prior to the actual bench trial. The record indicates that Williams, accompanied by counsel, was arraigned on July 19, 2012. The docket master indicates the trial court advised Williams .of his right to either a bench or a jury trial. There is no indication that Williams made a selection at that time. On April 19, 2013, the record reflects , that at the conclusion of a hearing requested by the State regarding a stay request, the prosecutor stated, “And I believe they elected a judge trial—this will be a judge trial that day. Thank you, your Honor.” At an | .-April 26, 2013 writ status/stay hearing, the prosecutor commented, “And again, at this time, we have a judge trial set for May 21st.”
Although it is evident from the record that Williams was advised of his right to choose between a judge or jury trial, there is no indication in the record that he waived his right to a jury trial verbally in court or in writing, or that he was present when his defense counsel made the election of a judge trial on his behalf. Nor is there any indication in the record that Williams knew the waiver of a jury trial was made. In sum, there is insufficient proof to conclude that Williams knowingly and intelligently waived his right to trial by jury. For that reason, we find merit to Williams’s assignment of error. We remand this matter for an evidentiary hearing to determine whether Williams knowingly and intelligently waived his right to trial by jury. Williams’s other assignment of error is preserved for future appellate review.
CONCLUSION
Given that there is no evidence in the record showing that Williams knowingly and voluntarily waived his right to a jury trial, we remand this matter to the trial court for an evidentiary hearing to determine whether Williams knowingly and intelligently waived this right. State v. For-tenberry, 11-0022, p. 5 (La. App. 4 Cir. 7/27/11), 73' So.3d 391, 394. We pretermit discussion of Williams’s remaining assignment of error* Williams’s right to appeal his conviction and sentence is preserved.
REMANDED

. The underlying facts of Williams’s conviction are not relevant to the issues addressed in this opinion.